## EDWARDSEN *v.* STATE

(Two Appeals in One Record)

[No. 225, September Term, 1958.]

*Decided May 11, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Charles J. Stinchcomb* for the appellant.

*Shirley Brannock Jones, Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, J. Harold Grady, State's Attorney for Baltimore City,* and *Julius A. Romano, Assistant State's Attorney,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

These two appeals in one record are from judgments and sentences in the Criminal Court of Baltimore. In the first case, indictment No. 1900, the appellant was indicted in four counts for burglary, larceny, rogue and vagabond, and receiving stolen goods. He was represented by counsel employed by him, and elected a jury trial. The jury found him guilty of receiving stolen goods on September 15, 1958. After the verdict, his counsel stated to the court that "my client informs me that he would like to file a motion for a new trial," but that he (counsel) asked leave to strike his appearance and withdraw from further participation in the case. The request was granted, and the trial court deferred sentence in order that the accused might have an opportunity to obtain new counsel and perfect the motion for new trial. On October 24, 1958, he was brought before the court and sentenced to two years in the House of Correction, from May 25, 1958.

It appears that on September 23, 1958, the trial judge wrote the accused informing him that, under local Rule 40 C (formerly Rule 30) of the Supreme Bench, he would be required to file with the clerk of the criminal court an original transcript of the testimony and three copies thereof within 5 days after the filing of the motion for new trial.[1] The accused wrote a letter in reply, requesting the court to "construe these contents in the nature of my petition for allowance of thirty days continuance in which to obtain the transcript and/or my *pauperis* petition for allowance to proceed on the motion as an indigent person so that your Honor can

---

1. The Rule so provides, "* * * unless otherwise ordered by the criminal court."

order the transcript to be furnished me without cost." In reply, the trial judge granted the thirty day extension "on condition that the order for and payment of the transcript is forwarded immediately to the Court Reporter * * *. However, no such extension will be granted for the purpose of enabling you to raise the cost of the transcript. Under the Rules of the Supreme Bench the State of Maryland will not be required to pay for the cost of the transcript in connection with your motion for a new trial." At the time of sentence the accused had not raised the $60.00 necessary to obtain a transcript, and had not employed new counsel. Upon the entry of appeal to this Court, counsel was appointed and he was furnished with a free transcript of the record.

We think there was a sufficient showing of indigency, and for the reasons stated in *Johnson v. State,* 219 Md. 481, we think the trial court erred in denying the request of the accused for a free transcript for use in the hearing upon the motion for new trial. No question of a possible alternate method of abbreviating or submitting a different, but adequate, record is here presented. Accordingly, this judgment will be reversed and the case remanded for the hearing of the motion for new trial. We express no opinion, under the circumstances, on the contentions of the appellant that the evidence was legally insufficient to convict, or on the other alleged errors in the rulings of the trial court in the course of the trial. Since there must be a new sentence imposed if the motion for new trial is denied, or, if granted, upon a new conviction, if there be one, we likewise express no opinion as to the alleged error in the remarks of the trial court in connection with the imposition of the sentence now set aside for further proceedings.

On October 29, 1958, the appellant was brought before the same trial judge on a bench warrant charging him, on petition of the Acting Chief Probation Officer of the Supreme Bench, with violation of probation granted under a previous conviction. It was shown that he had been convicted of larceny in 1952 (indictment No. 2860) and sentenced by the late Judge Moser on March 3, 1953, to six years in the Maryland Penitentiary from December 12, 1952; but on September

30, 1954, Judge Moser suspended the balance of the sentence and released the appellant on probation in care of the Probation Department for five years, subject to the standard conditions prescribed by the Supreme Bench. The petition filed in 1958 alleged that the appellant had violated the conditions set forth in the order of probation, in that he had failed to obtain approval before changing his residence and had failed to conduct himself in a law-abiding manner and avoid undesirable places and associates. After hearing, the trial court found him guilty of violation of probation, struck out the suspension of sentence, and sentenced him to serve the balance of the original sentence, four years and three months, to run concurrently with the two year sentence imposed on the charge of receiving stolen goods.

The principal point raised on the second appeal is that the trial court failed to continue the case, or to appoint counsel for him, at the hearing on violation of probation. At the beginning of the hearing, counsel was present who had represented the accused in the previous case when he was convicted of receiving stolen goods. Counsel told the court he was unwilling to represent the accused any longer, and the court remarked that he had earned "whatever fee you have paid him." The accused said: "I would like time to—," but did not complete the sentence because of an interruption. The appellant's present court-appointed counsel states that the accused "was obviously in the act of requesting time to secure another counsel," and contends that there was a violation of Maryland Rule 723, in that, the court should have advised the accused of his right to counsel, and, if the defendant so desired, should have appointed counsel for him.

It seems to be conceded in this appeal that the trial court, acting through the late Judge Moser, had jurisdiction and authority to suspend the original sentence imposed in 1952 and place the accused on probation in 1954. Under Sec. 277 of the Charter and Public Local Laws of Baltimore City (1949 Ed.), as amended by chapter 529, Acts of 1951, the Criminal Court of Baltimore was empowered to suspend sentence and place an offender on probation "at any time before the expiration of any sentence imposed upon such

person." The authority granted is broader than that granted by Code (1957), Art. 27, sec. 641, which authorizes such action during the term of court. Maryland Rule 744 c empowers the court to reduce a sentence within ninety days after sentence, or receipt of a mandate on appeal, but it does not in terms apply to the suspension of a sentence for purposes of probation. Rule 744 c was apparently designed to modify the law in Baltimore City as laid down in *Czaplinski v. Warden,* 196 Md. 654, 663, and *Wilson v. Warden,* 200 Md. 652, both based on actions taken prior to 1951. *Madison v. State,* 205 Md. 425, 434. For present purposes we may assume that the local law is valid under Sec. 60, Art. III, of the Maryland Constitution, and that it was not modified by Rule 744. See Mutter, *Probation in the Criminal Court of Baltimore City,* 17 Md. L. Rev. 309, 316.

A proceeding for the revocation of a suspension of sentence and probation is informal in character and not subject to the limitations imposed by law upon the trial leading to a conviction. See Mutter, *supra* (p. 321); *Jett v. Superintendent,* 209 Md. 633, 640; *Manning v. United States,* 161 F. 2d 827 (C.C.A., 5th Cir.). Somewhat the same considerations apply in reinstating sentence, as in imposing an original sentence. Cf. *Driver v. State,* 201 Md. 25, 31 *et seq.; Williams v. New York,* 337 U. S. 241. In the absence of statute, many courts have held it is not even necessary to have a hearing. In the case of revocation of a conditional pardon by the governor, which may be distinguishable because the legal effect of a pardon is different, we have held that a hearing is required as a matter of due process. *Murray v. Swenson,* 196 Md. 222, 229, 231. The decision has been criticized as failing to distinguish between procedural and substantive due process. See note, 29 A.L.R. 2d 1074, 1087, and Mutter, *supra* (p. 319). Nevertheless, the same rule was stated and applied in *Hite v. State,* 198 Md. 602, 605, involving revocation of a suspended sentence by a magistrate. *Swan v. State,* 200 Md. 420, 425, was a case involving the striking out of a suspended sentence for violation of the conditions of probation, after hearing. It was held that an appeal would lie, at least to determine whether the trial court abused its discretion or

placed an erroneous construction on the conditions of the probation. Abuse of discretion may be found if the trial court acts arbitrarily or capriciously. *Burns v. United States,* 287 U. S. 216, 222. Judicial review, in some form, is available to correct an arbitrary or illegal action by an administrative tribunal, even in the absence of statute. See *Hecht v. Crook,* 184 Md. 271, 280; *District Heights v. County Comm'rs,* 210 Md. 142, 146.

In the instant case, a hearing is required by statute. In sec. 279 of the Charter and Public Local Laws of Baltimore City the court is authorized to end probation granted, upon written charges, warrant or notice, and after hearing and a finding of a violation of the terms of the conditions of probation. The alleged violator is entitled to a reasonable opportunity to refute the charges laid, not to a formal trial. In *Warden v. Palumbo,* 214 Md. 407, 412, a proceeding before the Board of Parole or Probation, we held that the right to a hearing prescribed by statute would include the right to be heard by counsel employed by the alleged violator. We think the same rule applies in the instant case. It might also be noted that, in regard to changes in the conditions of parole, sec. 278 of the Charter specifically provides that such action be taken "after full opportunity to [the probationer] to be heard either in person or by counsel * * *." But we do not construe an opportunity to be heard by counsel as requiring the appointment of counsel. We have construed the similar phrase in Art. 21 of the Maryland Declaration of Rights as merely doing away with the common law rule that denied representation by counsel. *Raymond v. State ex rel. Szydlouski,* 192 Md. 602, 606; *Marvin v. Warden,* 212 Md. 634, 635; *Warden v. Palumbo, supra,* p. 411.

Maryland Rule 723 b, relied on by the appellant, is primarily applicable to the trial process rather to a proceeding like the present. Even if applicable, there is no showing in the instant case that the rule was violated. The defendant was fully aware of his right to be heard by counsel employed by him, the only difficulty was that he lacked funds. If we treat his unfinished sentence as a request for a further continuance, we find no abuse of discretion in the court's ignor-

ing it, for a further extension of time to raise funds under the circumstances would obviously have been fruitless. He did not ask for the appointment of counsel, but neither did he waive such right, if he had one. However, the right to have counsel appointed is limited by the Rule to "capital or other serious cases." We have not yet determined, categorically, what is meant by a "serious" case. See *Hill v. State,* 218 Md. 120, and *Roberts v. State,* 219 Md. 485. But we have indicated that the nature of the offense, the extent of the potential penalty, and the complexity of the case, are factors to be considered. Here, the potential length of sentence was limited to the balance of the unexpired term, and the defendant was obviously intelligent and no novice in courtroom procedures. The case was simple and the hearing informal. His admission that he had been convicted on a charge of rogue and vagabond in the Circuit Court for Anne Arundel County on October 7, 1956, and sentenced to two years, although granted probation, was alone sufficient to justify the revocation of probation in the instant case. It is difficult to see how he could have benefited from the appointment of counsel.

The appellant contends, however, that due process required the appointment of counsel. As pointed out in the *Roberts* case, *supra,* due process does not require the appointment of counsel in every State case, but only where it appears that the accused is at a serious disadvantage through lack of counsel, or that, for want of counsel, an ingredient of unfairness operates actively in the process that results in his confinement. *Brown v. Warden,* 218 Md. 643, 644. Even under the federal practice it would appear that the appointment of counsel is not mandatory on revocation of probation. See *Kelley v. United States,* 235 F. 2d 44 (C.C.A., 4th Cir.), and cases cited; *Gillespie v. Hunter,* 159 F. 2d 410, 411 (C.C.A., 10th Cir.).

Finally, the appellant contends that the unserved portion of his original sentence of six years amounted only to four years, two months and eleven days, and not four years and three months, as testified by the Probation Officer. The trial court stated that he was imposing sentence for the balance of

the sentence for the original offense, and adopted the figure given by the Probation Officer. If there was an error, it was not a reversible one. If appellant's calculation is correct, he may apply to the trial court for correction under Rule 744. *Roberts v. Warden,* 206 Md. 246, 255.

> *Judgment in Indictment No. 1900 reversed and case remanded, costs to be paid by the Mayor and City Council of Baltimore.*
> *Judgment in Indictment No. 2860, passed on October 29, 1958, affirmed.*