## CRENSHAW *v.* STATE

[No. 235, September Term, 1959.]

534

*Decided June 10, 1960.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Julian S. Brewer, Jr.,* with whom was *Norman F. Summers* on the brief, for the appellant.

*Mary Arabian, Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Saul A. Harris, State's Attorney for Baltimore City,* and *Julius A. Romano, Assistant State's Attorney,* on the brief, for the appellee.

PER CURIAM.

To indictments for disturbing the peace and attempted bribery, James Matthews Crenshaw (the defendant), who was represented at the trial by court-appointed counsel, plead not guilty. He was convicted of both offenses and was fined $25 and costs on the disorderly charge and sentenced to five years in the Penitentiary on the attempt charge. The trial court, however, suspended the fine and sentences upon condition that the defendant leave the State and not return within five years.

The defendant left the State as required and went to Virginia, but when he could not find employment there or in Philadelphia, he returned to Maryland. Within less than six

months he was convicted of petty larceny and was sentenced to thirty days in the Baltimore City Jail. While he was incarcerated in jail he was arrested on a bench warrant for violating the conditional suspension of sentence imposed for attempted bribery. At the hearing on the bench warrant the defendant plead guilty when he was informed of the charge but was heard fully. The trial court revoked the "probation" and directed that the five-year sentence for attempted bribery should begin to run concurrently with the thirty-day jail sentence he was then serving. The defendant made no request for appointment of counsel to represent him and none was appointed; nor was his *trial* counsel given notice of the hearing.

The sole contention on this appeal is that the trial court violated Maryland Rule 723 when it failed to appoint counsel to represent the defendant at the post-sentence hearing. Rule 723, *supra,* is a trial rule concerning arraignment and is not applicable to a post-sentence hearing on a motion to strike out a suspension of sentence or to revoke a grant of probation. See *Edwardsen v. State,* 220 Md. 82, 151 A. 2d 132 (1959).

When a defendant is confronted with a motion to strike out or revoke a suspended sentence or probation for an alleged violation of the conditions or terms thereof, he should be seasonably informed of the substance of the charge against him and should be afforded an opportunity to reply to the motion either orally or in writing, if he desires to do so, but there is no requirement that he should be arraigned, or that he should plead to the charge as if the motion were an indictment, information or state warrant. If the defendant appears at such hearing without counsel, the court *may,* but it is *not obliged to,* advise the defendant of his right to obtain counsel or assign counsel to represent him. The failure of the court to do either did not deprive the defendant of his constitutional right to due process. Cf. *Hill v. State,* 218 Md. 120, 145 A. 2d 445 (1958); *Bryant v. State,* 218 Md. 151, 145 A. 2d 777 (1958).

*Judgment affirmed.*