## LEROY WROTEN *v.* STATE OF MARYLAND

[No. 17, September Term, 1967.]

*Decided November 15, 1967.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*L. Clark Ewing* for appellant.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *John C. North, II, State's Attorney for Talbot County,* on the brief, for appellee.

PER CURIAM.

This is an appeal from the decision of the Circuit Court for Talbot County revoking a prior suspension of sentence and probation of appellant and placing in effect appellant's original sentence of five years in the House of Correction.

Appellant's sole contention on this appeal is that the trial court abused its discretion in revoking appellant's probation.

A full evidentiary hearing on his violation of probation was held before Chief Judge J. DeWeese Carter and Associate Judge Harry E. Clark, at which appellant was represented by able court-appointed counsel. At the time of the hearing, appellant was confined in the Talbot County Jail on a "live-in work-out" basis, under which appellant was to remain at the jail except during the hours of his employment. Other conditions of probation were to remain steadily employed, obey the law, not to imbibe alcoholic beverages, and to deliver his pay check to the Department of Parole and Probation for distribution by that Department, and such other conditions which the Department might prescribe.

The testimony discloses, and it is conceded by the appellant, that he failed to report to work on six occasions when work was available for him in direct contravention of the terms of his probation. There was also testimony that the appellant had been drinking on at least one of his absences from the Talbot County Jail, this being contrary to the provision that he abstain from alcoholic beverages. Furthermore, this was the second occasion that appellant had been brought before the court on violation of probation.

Probation is a personal privilege and a matter of grace, the revocation of which is directed to the sound discretion of the trial court. *Scott v. State,* 238 Md. 265, 208 A. 2d 575; *Sweeney v. State,* 1 Md. App. 233, 229 A. 2d 141. All that is required is that the facts before the lower court be such that the judge could reasonably be satisfied that the conduct of the probationer

was in violation of the terms of his probation. *Scott v. State, supra.* Appellant was given a full opportunity by the court to satisfactorily explain his absences from work as well as his other violations of probation.

Since the uncontradicted evidence in this case shows that the appellant's conduct was in clear violation of the terms of his probation, the action of the lower court in revoking his probation cannot be deemed arbitrary and capricious and consequently there was no abuse of discretion.

Furthermore, at the argument we learned that appellant is now on parole so that the contention raised on appeal in this case is moot.

*Judgment affirmed.*