**Harley M. SORENSEN, Petitioner,**

v.

**Jack YOUNG, Warden, Respondent.**

**No. 3–68 Civ. 111.**

United States District Court
D. Minnesota,
Third Division.
April 19, 1968.

Harley M. Sorensen, pro se.

No appearance for respondent.

NEVILLE, District Judge.

Petitioner, convicted in State court and sentenced indeterminately "not to exceed 20 years," seeks a writ of habeas corpus contending his constitutional rights have been violated because he was "denied counsel during sentence review by the Adult Corrections Commission." The Adult Corrections Commission exercises parole jurisdiction under Minnesota Statutes, M.S.A. § 243.05 and can adjust sentences and release prisoners. The statute provides in part:

> "In considering applications for parole or final release, the commission shall not be required to hear oral argument from any attorney or other person not connected with the prison or the reformatory in favor of or against the parole or release of any prisoners, * * *."

At the review of petitioner's case by the commission on February 1, 1968, his confinement was ordered continued for three more years.

Petitioner apparently applied for relief first to the State Court. Upon a denial of his petition by the lower court under the Minnesota 1967 post conviction remedy statute, he alleges he wrote a letter to the Chief Justice of the Minnesota Supreme Court and received a reply to the effect that "I know of no provision in the law for appointment of counsel before the Adult Corrections Commission."

Even the most liberal interpretation of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149 (1967) and other decisions does not suggest that a prisoner is entitled to counsel before parole boards or commissions reviewing a prisoner's sentence to determine his possible early release on parole. There is no judicial authority cited nor to be found for petitioner's position. Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967) accorded an attorney to a defendant where his probation was sought to be revoked. The rationale of that case has no application to the situation at hand. In *Mempa* deferred sentencing in effect was involved. In the case at bar, parole considerations follow long after the completion of the sentencing procedures as a matter of the State's leniency, largesse and discretion exercised in an effort to act in the best interest of the public and of the individual involved. Parole consideration is not a proceeding against a defendant within the meaning of constitutional guarantees.

The petition for writ of habeas corpus is therefore denied. A separate order has been filed.