## JAMES JOSEPH KNIGHT *v.* STATE OF MARYLAND

[No. 474, September Term, 1968.]

*Decided June 25, 1969.*

314

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*James F. Garrity* for appellant.

*Thomas N. Biddison, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *F. Edward Wheeler, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

On 23 March 1967 the appellant was found guilty at a court trial in the Criminal Court of Baltimore of uttering a false instrument (indictment no. 5908), false pretenses (indictment no. 5909) and uttering a false instrument and false pretenses (each of indictments nos. 5910 and 5911). In each case a sentence of two years in the Maryland House of Correction was imposed,[1] the sentences to run concurrently, and each sentence was suspended and the appellant placed on probation for two years. On 1 November 1968 a report of violation of probation was filed and at a hearing on 12 November 1968 in the Criminal Court of Baltimore, at which he was not represented by counsel,[2] he was found guilty of violating the conditions of probation. The suspension of the sentences was stricken, and the original sentence of two years in each case to run concurrently was reinstated dating from 12 November. The reinstated sentences were to run concurrently with a four year sentence he was then serving which had been imposed on 22 October 1968 upon conviction of an unrelated offense.

On appeal from the revocation of his probation and the striking of the suspension of the sentences, the appellant claims that his constitutional right to representation by counsel, guaranteed by the Sixth Amendment to the Constitution of the United States, was violated at the revocation hearing. He urges that he should have been advised by the court of his right to counsel, and as he was indigent,[3] counsel should have been appointed for

1. There was a general sentence imposed as to each of indictments nos. 5910 and 5911.

2. The transcript of the proceedings shows that the State was represented by an assistant State's Attorney and that the appellant appeared in proper person. He was arraigned on the charge of violating the terms of his probation and pleaded not guilty. It seems that any question of representation of the appellant was not considered, the matter proceeding to hearing immediately after the plea by the State offering evidence.

3. At the original trial of the substantive offenses, counsel was appointed to represent him upon a showing of indigency. Counsel was appointed to represent him on this appeal upon petition to prosecute the appeal as an indigent defendant.

him, absent an effective waiver by him of the right. In support of his contention he merely points to *Mempa v. Rhay*, 389 U. S. 128, decided 13 November 1967.

"A proceeding for the revocation of a suspension of sentence and probation is informal in character and not subject to the limitations imposed by law upon the trial leading to a conviction." *Edwardsen v. State*, 220 Md. 82, 88. "It is established that probation cannot be revoked without giving the probationer a hearing, and that this is a requirement of due process of law." *Wilson v. State*, 6 Md. App. 397, 402, citing *Swan v. State*, 200 Md. 420, 425 and *Finnegan v. State*, 4 Md. App. 396. In the instant case a hearing is required by statute. See *Charter and Public Local Laws of Baltimore City* (Flack 1949) § 279, the provisions of which are applicable to the Criminal Court of Baltimore. "The alleged violator is entitled to a reasonable opportunity to refute the charges laid, not to a formal trial." *Edwardsen v. State, supra*, 89. So "* * * the demands of due process at a probation revocation hearing are generally satisfied if the probationer is extended a reasonable opportunity to defend himself against a charge that he has violated the conditions of his probation." *Brown v. State*, 4 Md. App. 623, 628. See *Wroten v. State*, 2 Md. App. 410. An appeal lies from the revocation of a suspended sentence and the striking out of probation by the lower court. *Coleman v. State*, 231 Md. 220, 222. The question of whether the terms of probation have been violated is largely one of fact but also includes the construction of the terms of suspension which were made known to the probationer and by which he was to be guided in his conduct. "Such questions, while primarily within the discretion of the trial judge, are not wholly so, and are reviewable, if only for the purpose of determining whether that discretion has been abused in any way, or whether an erroneous construction has been placed by the trial judge on the conditions of parole." *Swan v. State, supra*, 425-426; *Welborn v. Warden*, 2 Md. App. 351, 354. "Abuse of discretion may be found if the trial judge acts arbitrarily or capriciously." *Ed-*

*wardsen v. State, supra,* 89. In *Sweeney v. State,* 1 Md. App. 233, 238 we characterized probation as "* * * a personal privilege and a matter of grace, the revocation of which is directed to the sound discretion of the trial court." Therefore, it would appear that a hearing on an allegation of violation of the terms of probation is not a trial on a criminal charge, but is a hearing to determine judicially whether the conduct of the probationer during the probation period has conformed to the course outlined in the order of probation. A violation of the conditions of probation must be established with such reasonable certainty as to satisfy the conscience of the court of the truth of the violation. It does not have to be established beyond a reasonable doubt; if the facts incline a reasonable and impartial mind to the belief that the probationer has violated the terms of his probation, it is sufficient. And the facts do not have to come to the knowledge of the judge in the manner required by the rules of evidence. *Scott v. State,* 238 Md. 265, 275. If the facts justify revocation, the act of revocation is not arbitrary or capricious. Thus, at such a hearing, the probationer is not entitled to all of those rights guaranteed him in criminal prosecutions by the Constitution of the United States and the Constitution of Maryland. We believe, for example, that he has no right to have the issue of the violation of the terms of his probation determined by a jury under the provisions of Amendment VI to the Constitution of the United States and Article 21 of the Declaration of Rights of the Constitution of Maryland, for those rights, therein guaranteed, apply only to "all criminal prosecutions."

Prior to *Mempa,* the Court of Appeals and this Court had considered the question of the right to counsel at a revocation hearing. In *Edwardsen v. State, supra,* it was held that the appointment of counsel was not mandatory on revocation of probation as a matter of due process.[4]

---

4. *Edwardsen* came from the Criminal Court of Baltimore. The Court of Appeals, in reaching its holding discussed § 278 of the *Charter and Public Local Laws of Baltimore City,* providing, in

In *Crenshaw v. State*, 222 Md. 533, in which *Edwardsen* was cited, the Court said, at 535:

> "When a defendant is confronted with a motion to strike out or revoke a suspended sentence or probation for an alleged violation of the conditions or terms thereof, he should be seasonably informed of the substance of the charge against him and should be afforded an opportunity to reply to the motion either orally or in writing, if he desires to do so, but there is no requirement that he should be arraigned, or that he should plead to the charge as if the motion were an indictment, information or state warrant. If the defendant appears at such hearing without counsel, the court *may*, but it is not *obliged* to, advise the defendant of his right to obtain counsel or assign counsel to represent him. The failure of the court to do either did not deprive the defendant of his constitutional right to due process. Cf. *Hill v. State*, 218 Md. 120, 145 A. 2d 445 (1958); *Bryant v. State*, 218 Md. 151, 145 A. 2d 777 (1958)."

In *Scott v. State, supra,* the Court of Appeals construed *Edwardsen,* saying, at 275:

> "*Edwardsen* also held that an accused probationer is entitled to be represented by counsel employed by him but that the State need not furnish counsel unless due process would be affronted, in that, for lack of counsel the proba-

---

regard to changes in the conditions of probation, that such action shall be taken "after full opportunity to [the probationer] to be heard either in person or by counsel * * *." The Court did not construe an opportunity to be heard by counsel as requiring the appointment of counsel. It also discussed Md. Rule 723b, as then in effect, providing for the appointment of counsel in "capital or other serious cases." It stated that the Rule was primarily applicable to the trial process rather than a revocation of probation hearing. The Rule as amended is now Rule 719. Section b deals with assignment of counsel but it would still appear to be primarily applicable to the criminal trial process.

tioner would be at such a disadvantage that an ingredient of unfairness actively operated in the process that led to the revocation of his probation."

And see *Sweeney v. State, supra.* In *Edwardsen* the Court said: "Even under the federal practice it would appear that the appointment of counsel is not mandatory on revocation of probation. See *Kelley v. United States,* 235 F. 2d 44 (C.C.A., 4th Cir.), and cases cited; *Gillespie v. Hunter,* 159 F. 2d 410, 411 (C.C.A., 10th Cir.)." The same observation was made in *Sammons v. United States,* 285 F. Supp. 100 (United States D. C., S. D. Texas, Houston Division) decided 3 June 1968:

> "The lower federal courts have long held that the constitutional right to assistance of counsel in the defense of a criminal prosecution, given by the Sixth Amendment, does not apply to a hearing on a motion to revoke probation. *Welsh v. United States,* 348 F. 2d 885 (6th Cir. 1965) ; *Bennett v. United States,* 158 F. 2d 412 (8th Cir. 1947), cert. denied, 331 U. S. 822, 67 S. Ct. 1302, 91 L. Ed. 1838 (1947). Although afforded several opportunities [e.g. *Crowe v. United States,* 175 F. 2d 799 (4th Cir. 1949), cert. denied, 338 U. S. 950, 70 S. Ct. 478, 94 L. Ed. 586 (1950)] to overrule this rule, the Supreme Court, by denials of certiorari, has allowed it to stand." at 101.

We conclude that in this State, when sentence has been suspended and terms of probation imposed, either after conviction, as authorized by Md. Code, Art. 27, § 639 and, as to the Criminal Court of Baltimore, as also authorized by § 279 of the Charter and Public Local Laws of Baltimore City, or before conviction, as authorized by Md. Code, Art. 27, § 641, and motion is made to strike the suspension of the sentence and revoke the probation for an alleged violation of its terms, the following rules have been established:

1) there must be a hearing;

2) the hearing is not a "criminal prosecution" within the meaning of Amendment VI of the Constitution of the United States or Art. 21 of the Declaration of Rights of the Constitution of Maryland;

3) the probationer must be seasonably informed of the substance of the charge against him and afforded an opportunity to answer or explain the facts which have come to the knowledge of the hearing court;

4) he may be represented at the hearing by counsel employed by him but if he appears without counsel the court may, but is not obliged, to advise him of his right to obtain counsel;

5) if he is indigent the court is not obliged to advise him of his right to be represented by counsel or to appoint counsel for him, "unless due process would be affronted, in that, for lack of counsel the probationer would be at such a disadvantage that an ingredient of unfairness actively operated in the process" leading to the revocation of his probation;

6) although it is a judicial hearing, it is informal in character and not subject to the limitations imposed by law upon a trial leading to conviction; the facts do not have to come to the knowledge of the court in the manner required by the rules of evidence; thus hearsay evidence is admissible and the fact of violation need not be proved beyond a reasonable doubt but must be established sufficiently so as reasonably to persuade the court that revocation is justified.

The question is whether *Mempa v. Rhay, supra,* affects these rules, and if so, to what extent.

The consolidated cases decided in *Mempa* [5] raised "the question of the extent of the right to counsel at the time of sentencing where the sentencing has been deferred subject to probation." [6] 389 U. S. 130. The Court stated that *Townsend v. Burke*, 334 U. S. 736, *Moore v. State of Michigan*, 355 U. S. 155, and *Hamilton v. State of Alabama*, 368 U. S. 52 (when the special circumstances required by *Betts v. Brady*, 316 U. S. 455 were stripped away by the holding in *Gideon v. Wainwright*, 372 U. S. 335 that the Sixth Amendment as applied through the Due Process Clause of the Fourteenth Amendment was applicable to the States and accordingly that there was an absolute right to appointment of counsel in felony cases) "* * * clearly stand for the proposition that appointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected." at 134. It noted that *Townsend v. Burke, supra,* "might well be considered to support by itself a holding that the right to counsel applies at sentencing." at 134. It found that in the cases before it, sentence was imposed at the revocation hearing, not at the time of the original conviction of the substantive crime when the imposition of sentence was deferred. It was in that frame of reference that the Court held, and it said that this was all it decided, that a lawyer must be afforded *in a proceeding at which sentence is imposed* "whether it be labeled a revocation of probation or a deferred sentencing." at 137.

---

5. The cases were *Mempa v. Rhay* and *Walking v. Washington State Board of Prison Terms and Paroles.* The factual posture of *Mempa* was that he was convicted of a crime on a plea of guilty and was placed on probation for two years on the condition, *inter alia*, that he first spend 30 days in the county jail. The imposition of sentence was deferred under authority of a statute. About four months later the State moved to have the probation revoked on the ground that he had been involved in a burglary. His probation was revoked after a hearing at which he was not represented by counsel and he was sentenced to 10 years on the original conviction. The factual posture of *Walking* was similar to *Mempa* as to the original conviction, condition of probation, deferring of the imposition of sentence, subsequent revocation and imposition of sentence.

6. *Mempa* is retroactively applied. *McConnell v. Rhay*, 89 S. Ct. 32, decided 14 October 1968.

We think it clear that the rationale of *Mempa* is that, as the *imposition* of sentence is a critical stage of a criminal proceeding, a defendant has the right to counsel at any proceeding at which sentence is *imposed,* no matter how the proceeding is characterized. We limit *Mempa* to this context. We do not find its holding to be that every hearing for a judicial determination as to whether the conditions of probation have been violated invokes the right to counsel. We find support for our view in the great majority of the cases considering the matter in other jurisdictions. See *Sammons v. United States,* 285 F. Supp. 100 (U.S.D.C.Texas 1968) ; *United States v. Hartsell,* 277 F. Supp. 993 (U.S.D.C.Tenn. 1967) ; *Holder v. United States,* 285 F. Supp. 380 (U.S.D.C.Texas 1968) ; *United States v. Brierly,* 288 F. Supp. 401 (U.S.D.C.Pa. 1968) ; *John v. State,* 160 N.W. 2d 37 (N.Dakota 1968) ; *Petition of DuBois,* 445 P. 2d 354 (Nevada 1968) ; *Brummett v. Commonwealth,* 434 S.W. 2d 326 (Ky. 1968) ; *In re Koebrich,* 64 Cal. Rptr. 355 (C.A. 3rd D.).[7]

In Maryland "[t]he courts may suspend sentence generally or for a definite time, and may make such orders and impose such terms as to costs, recognizance for appearance, or matters relating to the residence or conduct of the convicts as may be deemed proper." Md. Code, Art. 27, § 639. And "* * * before conviction of any person accused of crime with the written consent of the person so accused, including persons appealing from convictions before trial magistrates or before the Municipal Court of Baltimore City, whether a minor or an adult, and after conviction or after a plea of guilty or nolo contendere, without such consent, * * *" the courts "are empowered, during the term of court in which such consent, conviction or plea is had, to:

---

7. The following cases applied *Mempa* and reversed the judgment but in each sentence was imposed at the revocation hearing: *Ashworth v. United States,* 391 F. 2d 245 (U.S.C.A. 6th Cir. 1968); *State v. Seymour,* 237 A. 2d 900 (N.J. 1968); *Nebraska v. Holiday,* 155 N. W. 2d 378 (Nebraska 1968); *People v. Lott,* 162 N.W.2d 290 (Michigan 1968); *Herrington v. State,* 207 So. 2d 323 (Fla. 1968); *State ex rel Strickland v. Melton,* 165 S.E. 2d 90 (W. Va. 1968); *State v. Howard,* 182 Neb. 411 (1967).

(1) Suspend the imposition of sentence; or

(2) Place such person on probation without finding a verdict; and

(3) Make such conditions of suspension of sentence and probation as the court may deem proper." Code, Art. 27, § 641.[8]

"Maryland law authorizes probation only before verdict or upon the suspension of sentence." *Costello v. State,* 240 Md. 164, 167. The suspension of a criminal sentence may be either of its execution or of its imposition.[9] *Skinker v. State,* 239 Md. 234, 238. Although each is authorized, the Court of Appeals has said that it is better practice for the court to impose the penalty and then, if it be adjudged advisable under the circumstances of a particular case, to suspend the sentence. *Kelly v. State,* 151 Md. 87, 100. But the distinction between the suspension of the imposition of a sentence and the suspension of the execution of a sentence imposed is clear. Md. Code, Art. 5, § 13, making both appealable [10] does not alter the distinction. *Hite v. State,* 198 Md. 602, 607.

In the instant case there is no question that the sentencing was not deferred; the sentence was imposed at the trial at the time of the conviction of the appellant of the substantive offense. It was its execution which was conditionally suspended. The revocation hearing did not involve the imposition of a sentence; the hearing judge, upon finding that the conditions of suspension of the execution of the sentence had been violated, merely struck the suspension and the sentence previously imposed was

---

8. See also Md. Code, Art. 41, § 107 (f) defining "probation" [as distinguished from "parole" defined in § (e)] and Art. 41, § 124 (formerly § 126) as to the supervision by the Department of Parole and Probation of persons on probation.

9. The suspension of the imposition of sentence is sometimes termed "a general suspension of sentence." *Hite v. State,* 198 Md. 602, 606.

10. Prior to the passage of Ch. 608, Acts 1927, formerly codified as Art. 27, § 680 and now in relevant part Art. 5, § 13, the suspension of the imposition of sentence was in legal effect and meaning the suspension of judgment and from such a suspension of judgment no appeal would lie. *Glickman v. State,* 190 Md. 516, 520.

then to be executed. He had no power to change the sentence. Thus the hearing was not a critical stage of a criminal proceeding and *Mempa* was not applicable. As *Mempa* was not applicable, the hearing judge was not obliged, under the *Mempa* holding, to advise the appellant as to his right to counsel or to appoint counsel for him if he was indigent. The answer to the specific question presented by the appellant on appeal is that it was not a denial of his Sixth Amendment constitutional right to have his violation of probation hearing without counsel present.

The answer to the question posed by us herein — whether *Mempa* affects the rules as to revocation of probation hearings followed by this State and, if so, to what extent—is that such rules are affected only when, at the trial of the substantive offense, the *imposition* of sentence was conditionally suspended (a general suspension of sentence). In such circumstances the judge presiding at the revocation hearing must advise the probationer of his right to obtain counsel and to appoint counsel for him if he is indigent (absent an effective waiver of counsel by the probationer) because, upon a finding that the terms or conditions of probation have been violated, sentence may then be *imposed*. The hearing judge has authority to impose sentence in these circumstances as provided by Md. Code, Art. 27, § 642.

The appellant does not suggest that lack of counsel representing him at the hearing affronted due process of law. In any event we do not find from the record before us that it did. The transcript of the proceedings does not disclose that the appellant was placed at such a disadvantage by the absence of counsel that an ingredient of unfairness actively operated in the process leading to the revocation of his probation and the striking of the suspension of the execution of his sentence. It appears that he was seasonably informed of the substance of the charge against him and was afforded an opportunity to reply. There was evidence presented at the hearing that he had not complied with that condition of probation

whereby he was to pay "back four hundred some dollars on the bad checks" he had passed (he only paid $4.00) and also he had been subsequently arrested for and convicted of two other crimes. He cross-examined the probation officer who testified for the State and testified in his own behalf. He admitted he was guilty of the subsequent offenses and explained his failure to make restitution by stating that he had been sick and confined to a hospital "with asthma." But he had been on probation for a year before he went to the hospital and admitted that he had paid only $4.00. He at no time requested counsel nor did he complain about the absence of counsel. In the circumstances, that the court did not advise the appellant of his right to obtain counsel or to assign counsel to represent him, did not deprive him of his constitutional right to due process.[11]

*Judgment affirmed.*

---

11. *"Probation* is the conditional exemption from imprisonment allowed any prisoner by suspension of sentence in the circuit court for any county of this State or in the Criminal Court of Baltimore. The condition of any order of probation shall be determined solely by the judge granting the same." Md. Code, Art. 41, § 107(f). "A *parole* is a conditional release from imprisonment, granted by the Board of Parole and Probation to any of certain classes of prisoners in any adult penal or correctional institution of this State, in the manner provided for in this subtitle. A parole shall be evidenced by an order in writing, and entitles the recipient thereof to leave the institution in which he was imprisoned, and to serve the remainder of his term outside the confines thereof if he shall satisfactorily comply with all the terms and conditions provided in the parole order. Each such paroled prisoner shall be deemed to remain in legal custody until the expiration of his full, undiminished term; and upon having violated the conditions of his parole, shall be remanded to the institution from which he was paroled." § 107(e). (Ch. 457, § 1, Acts 1968, effective 1 January 1969, changed the subheading "Department of Parole and Probation" to "Board of Parole", substituted "Board of Parole" for "Board of Parole and Probation" in subsection (e) and substituted "subheading" for "subtitle" at the end of the first sentence).

For a discussion of the distinction between probation and parole see *Briguglio v. New York State Board of Parole,* 285 N.Y.S. 2d 883 (Supreme Ct. N.Y. 1968) in which *Mempa* was found not to apply. For other cases distinguishing parole and probation and finding *Mempa* not applicable see: *Williams v. Patterson,* 389 F. 2d 374 (U.S.C.A. 10th Cir. 1968); *Sorensen v. Young,* 282 F. Supp. 1009 (U.S. D.C. Minn. 1968); *Lawson v. Coiner,* 291 F. Supp. 79 (U.S.D.C. W. Va. 1968); *Wingo v. Lyons,* 432 S.W. 2d 821 (Ky. 1968); *People ex rel Johnson v. Follette,* 295 N.Y.S. 2d 565. We

---

refer to these cases, although they involved revocation of parole rather than probation, because they construe *Mempa* as we have construed it. *Contra,* as to revocation of parole, see: *Commonwealth v. Tinson,* 249 A. 2d 549 (Pa. 1969); *People ex rel Combs v. LaVallee,* 29 A.D.2d 128 (N.Y. 1968).