# EUGENE SMITH *v.* STATE OF MARYLAND

[No. 397, September Term, 1970.]

*Decided February 24, 1971.*

318

The cause was submitted to ANDERSON, ORTH, and POWERS, JJ.

*Solomon Reddick* for appellant.

*Donald R. Stutman, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Howard L. Cardin, State's Attorney for Baltimore City,* and *James B. Dudley, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

The question here is whether the lower court was justified in finding that Eugene Smith had violated the conditions of probation established upon suspension of a sentence imposed upon his conviction of storehouse breaking in the Criminal Court of Baltimore. In *Knight v. State,* 7 Md. App. 313 we discussed the nature of a proceeding conducted to determine whether there had been a violation of the conditions of probation and the rules of law applicable thereto. We said, at 318, that the purpose of a hearing on an allegation of violation of the terms of probation is to determine judicially whether the conduct of the probationer during the probation period had conformed to the course outlined in the order of probation. The violation must be established with such reasonable certainty as to satisfy the conscience of the court of the truth of the violation, not beyond a reasonable doubt, but sufficiently to incline a reasonable and impartial mind to the belief that the terms of probation were violated. If the facts coming to the knowledge of the court, not necessarily in the manner required by the rules of evidence, justify revocation, the act of revocation would not be ar-

bitrary or capricious and would not be set aside on appellate review. See *Wilson v. State,* 6 Md. App. 397.

The Probation Department of the Supreme Bench of Baltimore City presented a petition to the Criminal Court of Baltimore on 8 June 1970 setting out that appellant was granted probation for two years on 3 October 1969 upon certain terms and conditions on which his 18 month sentence was suspended. The petition alleged that he had violated four conditions of probation:

1) He failed to report, missing six out of eleven scheduled appointments;
2) He failed to keep regularly employed;
3) He failed to conduct himself in a law abiding manner, having been arrested, charged and convicted of three offenses since being placed on probation;
4) He failed to make any payments on the court costs and court appointed attorney's fees as ordered by the sentencing judge.

There is in the record an Order for Probation signed by Thomas, J. and attested by the Clerk of the Criminal Court of Baltimore. It ordered on 3 October 1969 that sentence of 18 months in the case of State v. Eugene Smith be suspended for two years and that the defendant be released on probation for a like period in the custody of the Probation Department upon the following conditions:

(1) He report to his Probation Officer as directed.
(2) He not leave the City without the consent of the court or change his residence without approval of his Probation Officer.
(3) He keep regularly employed and adequately support his dependents.
(4) He conduct himself in a law abiding manner.
(5) He appear in Court in response to any Notice served upon him by mail or by the Police Department.

(6) He pay, through the Probation Department, $73.75 Court Costs.

(7) He enter a recognizance in the penalty of $100.

(8) "To pay counsel fee of $100.00. Costs and counsel fee payment to be determined by Prob. Dept."

The first seven conditions were imprinted on the Order with spaces which were appropriately filled in handwriting. The eighth condition was entirely in handwriting. At the hearing on the petition, prior to the testimony of the Probation Officer, appellant moved, in writing, "to suppress all evidence of alleged violations of probation except that evidence that relates to violation of conditions of probation orally imposed upon the defendant on October 3, 1969 at the time of sentencing in the presence of the defendant and in the presence of his counsel." He wanted excluded specifically "any and all testimony which alleges violation of those additional conditions of probation which were imposed by the Court in a signed Order also dated October 3, 1969, but not signed in the presence of the defendant or his counsel, and for reasons, says that the defendant has been denied the effective assistance of counsel and has been denied the right to be present during all stages of his trial." The record before us does not disclose what conditions of probation were orally imposed upon appellant in the presence of him and his counsel at the time of sentencing. The transcript of the proceedings at the hearing shows that upon presentation of the motion there was a bench conference; it was "off-the-record." At its conclusion the Assistant State's Attorney said:

"If Your Honor please, for the record, of course, the State would object to the motion that has been filed, but at least initially, because of the motion filed, until the Court has had an opportunity to study the legal problems posed, the State will confine its testimony in accordance with the motion."

It seems that the court and the parties accepted that the testimony as so confined would be with respect to the 6th and 8th conditions—the payment of costs and counsel fee. The Probation Officer then testified that a Probation Order had been received from the court on 3 October 1969 and he interviewed appellant on 6 October 1969. "Mr. Smith was to pay $73.75 Court costs and $100.00 for the Court appointed counsel fees." These amounts were to be paid "[t]hrough our department and through our collection accounting office on the first floor." No money had been paid. The Officer was asked: "Have you ever asked Mr. Smith for any explanation why he hasn't paid any of the money?" He replied: "Yes. I have. I didn't see Mr. Smith that much, because he had missed several appointments. He was out of work a good part of the time." The Assistant State's Attorney said: "Now if Your Honor please, in view of the motion that has been filed, I'll have no other questions of this witness at this time, but would reserve my right to recall him in case the Court does permit us to ask other questions." On cross-examination it was elicited that appellant was to pay the money "when he came in for his appointment to the office." The Officer gave the dates of the appointments and the dates of those missed. He was asked: "But you have nothing in your record to indicate the amount that he was to pay on various occasions, have you?" The Officer replied: "We didn't discuss specific amounts, because he wasn't making a whole lot of money at the time." Defense counsel asked: "So, consequently, you never told him what he was supposed to pay, how much he was supposed to pay on any specific date, did you?" The answer was, "No, sir." On re-direct examination the State inquired if the Officer had any conversations with appellant concerning his obligations to pay money. The Officer said that on 17 November appellant telephoned. "He was to come in 11/17 to pay ten dollars." It was also brought out that the Officer had "gone through" the probation order with appellant, "each condition", that appellant read it after the Officer

read it to him, that appellant signed it in the Officer's presence and that the Officer also signed it. This all occurred on 6 October 1969. In view of the motion to suppress, the copy of the order signed by appellant was received for a "limited purpose"—"with respect to Court costs and payment of counsel fees." The transcript then shows an inquiry by the court:

> "THE COURT: Let me ask you this, Mr. Glussing (Probation Officer). Now, you said you did have a conversation with the defendant with regard to payment of the $100. counsel fee and the Court costs of this case; is that correct?
>
> THE WITNESS: That's correct.
>
> THE COURT: Did he ever give you any reason why he didn't show up on the 17th and make his payment to you?
>
> THE WITNESS: No, he didn't.
>
> THE COURT: Did you have any conversations with him with respect to it?
>
> THE WITNESS: He said the next time that he came in, he said he was working at the Chesapeake Restaurant as a bus boy and was making, he was supposed to come in the 26th, and he said at that time he would bring with him $20. On the 26th he came in, but he didn't have any money with him.
>
> THE COURT: Did he give you any reason why he didn't have any money with him at the time?
>
> THE WITNESS: No, sir, he didn't."

Appellant offered no evidence.

In finding that appellant was in violation of probation the court said:

> "I know the order does say a counsel fee of $100. and costs, and the counsel fee payments to be determined by the Probation Department. Obviously they had conversations on two oc-

casions, and the defendant promised to pay one ten dollar payment and didn't show up at all, or offer any explanation why he couldn't pay. On another occasion after he was working and promised to come in and pay twenty dollars, and when he did come in, he offered absolutely no explanation. The Court has no reason why he has failed to cooperate after eight months, and after two promises, or two occasions. In the absence of any explanation on this matter, and the very obvious failure of the defendant to cooperate with the probation department in this regard, I will violate him, and I find him guilty of violation of his probation."

It is clear that appellant knew he was to pay the court costs and counsel fee through the Probation Department. The Department was perhaps more cooperative with him than the circumstances justified and he now seeks to take advantage of that cooperation by asserting that since he was not told to pay a designated amount at a designated time he did not violate the condition that he pay the costs and counsel fee. But he offered to pay a specific amount on two occasions, did not do so either time, and offered no explanation for the failure to do so. We cannot say that the action of the hearing court in such circumstance was arbitrary and capricious. We think the testimony of the Probation Officer established with such reasonable certainty as properly to satisfy the conscience of the court that appellant had violated a condition of probation known to him, namely the payment of court costs and counsel fees. We hold there was no abuse of discretion in the court's action.

Upon finding that appellant violated a condition of probation, the court said:

"The sentence of this Court is eighteen months, under the jurisdiction of the Department of Correctional Services, to run consecutive with any sentence that he is now serving."

We observe that procedurally the court does not sentence upon finding a violation of probation when sentence was imposed at the trial of the substantive offense and its execution suspended. What should be done upon a determination that a condition of probation has been violated is to revoke the probation granted, strike the suspension of the sentence and reinstate the sentence imposed at the original trial. Appellant did not question the propriety of the court's sentencing procedure below and does not raise any point with regard to it on appeal. In any event, he was not prejudiced. In fact the court gave him credit for time spent in jail. It said: "Yes, I will give him—less such time that the defendant spent in jail prior to the trial of this case. * * * Whatever time that is." The docket entries read: "Judgment: Probation revoked and sentenced to Thirteen (13) Months under the jurisdiction of Department of Correctional Services, consecutive with sentence now serving. (Sentence reflects five (5) months served in jail prior to original trial)."

As the motion to suppress was to all intent and purpose granted we have no need to reach the question presented by it, namely: absent a waiver, a probationer may not be determined to have violated conditions of probation which were imposed when his counsel was not present. We note, however, that it may well be that the conditions of probation are part of the sentence imposed at the trial of the substantive offense, and, since the sentencing process is a stage of the trial, a defendant must not only to be present himself when conditions of probation are imposed by the court, but is entitled to the assistance of counsel at that time. See Maryland Rule 719 b 6; *Young v. State*, 5 Md. App. 383. Even though the suspension of a sentence and the grant of probation is a personal privilege and a matter of grace, the revocation of which is directed to the sound discretion of the trial court, *Sweeney v. State*, 1 Md. App. 233, 238, if a person is to be called to task for not conforming his conduct to the conditions imposed he has the right to have

the court inform him with reasonable specificity what those conditions are at a time when he is afforded the assistance of his counsel. See Rule 719 b as to assignment of counsel.

*Judgment affirmed.*