# KATHLEEN ELAINE HOWLETT *v.* STATE OF MARYLAND

[No. 824, September Term, 1981.]

*Decided March 4, 1982.*

The cause was submitted on briefs to MORTON, LISS and WEANT, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Gary S. Offutt, Assistant Public Defender,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, Stephen Rosenbaum, Assistant Attorney General,* and *John*

*R. Salvatore, State's Attorney for Washington County,* for appellee.

LISS, J., delivered the opinion of the Court.

On January 7, 1980, Kathleen Elaine Howlett, the appellant, was convicted on a guilty plea in the Circuit Court for Washington County of two counts of forgery. On May 18, 1980, she was sentenced to the custody of the Division of Correction for a five-year period for each offense to be served consecutively thus making a total of ten years. The sentence then was suspended in favor of a three-year probation. The conditions of probation included obeying all laws. No appeal was taken from this judgment of the Circuit Court for Washington County.

At a hearing on May 28, 1981 in the Circuit Court for Washington County, the appellant was before the court charged with violation of probation. She pleaded guilty to the charge and appellant's probation was revoked and the ten-year sentence re-imposed. On appeal appellant raises the sole issue that the record fails to show that the appellant voluntarily entered her plea of guilty to the violation of the conditions of her probation, or that she understood the nature of the charge or the consequences of her plea.

At the commencement of the hearing, the State proffered to the court that the appellant had violated her probation by being convicted in Pennsylvania of receiving stolen goods and of criminal conspiracy. Her trial counsel advised the court that the appellant admitted the convictions. The following colloquy then occurred:

> THE COURT: You admit that, Miss Howlett?
> DEFENDANT: Yes sir.
> THE COURT: All right. The Court is satisfied that the Defendant, Kathleen Howlett, has in fact violated the terms and conditions of her probation as previously imposed and her admission to that violation will be accepted.

Appellant argues initially, without citing any authority to support her contention, that Maryland Rule 731 c applies to guilty pleas offered at a probation revocation hearing. The rule states in pertinent part as follows:

### c. *Plea of Guilty*

The court may not accept a plea of guilty without first questioning the defendant on the record to determine that the plea is made voluntarily, with understanding of the nature of the charge and the consequences of the plea. The court may accept the plea of guilty even though the defendant does not admit that he is in fact guilty if the court is satisfied that there is a factual basis for the plea. If the court refuses to accept a plea of guilty, the court shall enter a plea of not guilty.

The Court of Appeals, in *State v. Bryan,* 284 Md. 152, 395 A.2d 475 (1978), held that Maryland Rule 723 requires that a probationer have the assistance of counsel at a revocation hearing. The Court did, however, add the following caveat, found at 284 Md. 159 n. 6:

Rule 723 does not elevate a probation revocation hearing to the status of a "criminal prosecution" within the meaning of U.S. Const. amend. VI and Md. Const. Declaration of Rights, art. 21. Thus, the probationer is not invested with all the rights constitutionally accruing to a defendant in a criminal prosecution, and the hearing, although judicial, is not subject to all of the limitations imposed by law upon a trial leading to conviction. The proceedings are to be tested by fundamental fairness — the touchstone of due process. [Citations omitted]. [284 Md. at 159 n. 6].

The Court of Appeals and this Court have held that probation is a matter of grace which lies solely within the discretion of the trial judge. *Scott v. State,* 238 Md. 265, 208 A.2d 575 (1965); *Sweeney v. State,* 1 Md. App. 233, 229 A.2d 141 (1967). The State has the burden of establishing that which

would induce a reasonable and impartial mind to believe that a violation of the probation granted had occurred. *Knight v. State,* 7 Md. App. 313, 255 A.2d 441 (1969). Unless the act of revocation is arbitrary and capricious, it will not be set aside on appeal. *Edwardsen v. State,* 220 Md. 82, 151 A.2d 132 (1959); *Smith v. State,* 11 Md. App. 317, 273 A.2d 626, *cert. denied,* 262 Md. 749 (1971).

A revocation of probation hearing is not a criminal prosecution and appellant is entitled to fundamental fairness but not to all the constitutional protections afforded a defendant at a criminal prosecution. In the absence of any authority to the contrary, we hold that a probation hearing is not within the ambit of Maryland Rule 731.

Appellant finally argues that the record reveals that she was not afforded due process of law at the probation revocation hearing. We do not agree. Appellant was represented by counsel. It is clear that the prosecutor, before the guilty plea was offered, stated in open court in the presence of the appellant and her counsel that appellant had violated her probation by being convicted in Pennsylvania of receiving stolen goods and criminal conspiracy. Her trial counsel advised the court that the appellant admitted the convictions. The court then asked the appellant, "You admit that, Miss Howlett?" and the appellant answered, "Yes, sir." Appellant called her probation officer as a witness in mitigation and availed herself of the opportunity of allocution. The record makes it clear to us that appellant voluntarily and intelligently admitted the violation of probation and that the hearing amply complied with the requirements of fundamental fairness.

*Judgments affirmed, costs to be paid*
*by appellant.*