**CAMPBELL v. ADERHOLD, Warden.**

District Court, N. D. Georgia, Atlanta Division.
December 17, 1929.

No. 134.

Frank A. Doughman, of Atlanta, Ga., for applicant.

Clint W. Hager, U. S. Atty., and Hal Lindsay, Asst. U. S. Atty., both of Atlanta, Ga., for respondent.

SIBLEY, District Judge. For a violation of 18 USCA § 88, the applicant, Willard Campbell, was, on May 17, 1928, sentenced formally to pay a fine of $500, and to be imprisoned in the penitentiary at Atlanta, Ga., for two years. The words were then added, "It is further ordered that the sentence of two years in the United States Penitentiary be suspended upon the payment of the fine of five hundred dollars." The fine was paid and the applicant released. On July 25, 1929, Campbell was arrested and brought, with his counsel, before the judge, when an order was made reciting that Campbell, on suspension of his penitentiary sentence, had been by the court "granted a parole in the custody of the United States Marshal for this District under promise of good behavior," that evidence was heard as to his subsequent conduct, and Campbell saying nothing sufficient in reply thereto, his "parole" was revoked and the marshal commanded to deliver him to the penitentiary under the original sentence. Applicant offered to prove that the misconduct charged to him was the commission of an offense against the United States of which he had not then been convicted and that the evidence heard by the judge did not sufficiently show his guilt, but this court declined to go into that inquiry. It is further contended that on the face of the record Campbell should be discharged because there was no valid probation and the payment of the fine discharged the entire sentence, and because the effort to resentence him to the penitentiary on July 25th was without jurisdiction and of no effect.

1. The sentence of May 17th to a fine of $500 and imprisonment for two years was lawful and regular. It was not in the alternative, but both punishments were inflicted. The effort to suspend the imprisonment was either under the Probation Act or independent of it. If the latter, as an indefinite suspension of a valid sentence it was beyond the power of the judge and void. Ex parte United States, 242 U. S. 27, 37 S. Ct. 72, 61 L. Ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355. Viewed as an agreement by the court to suspend the imprisonment if the fine were paid, it would be equally illegal. In paying the fine the prisoner did no more than he was bound to do in any case. He did not thereby purchase any right to a discharge of the remainder of the sentence. There was no legal obstacle on July 25th to enforcing

the imprisonment adjudged on May 17th.
2. The order of July 25th recited that the defendant was "paroled" to the marshal on good behavior. Of course, the court could not have granted a technical parole. The effort to do so would be as nugatory as any other unauthorized suspension of sentence and would equally leave the sentence of force. But evidently the court intended a probation, which is authorized by law. If the recital of a probation to the marshal as probation officer be accepted as sufficient evidence that there was at the time of the sentence a verbal probation, however undesirable and irregular, it has been held that it is capable of revocation and supports the court's power to sentence where no sentence had originally been pronounced. Hollandsworth v. United States (C. C. A.) 34 F.(2d) 423. The record, moreover, could have been corrected nunc pro tunc by making it recite fully what was actually done at the time of the sentence. If there is a general probation granted and an omission to fix at the time, verbally or in the judgment, the terms and conditions of probation, these can be added or altered at any time to save the probation from failure. Archer v. Snook (D. C.) 10 F.(2d) 567. Viewing this as a suspension of sentence under the Probation Act (18 USCA §§ 724–727), and so within the court's power, the revocation is likewise within his power; it being broadly granted both in 18 USCA § 724 and § 725.

3. It is complained, however, that the hearing was not fair and the evidence not sufficient, and the broader claim is made that a probation cannot be revoked for conduct alleged to be a crime until conviction for it. Touching the last contention, although it is supported by some decisions under state probation laws, the case of Riggs v. United States (C. C. A.) 14 F.(2d) 5, is to the contrary. Judge McDowell, concurring, carefully considers the matter and emphasizes possible embarrassments and abuses, but concludes that the judge may revoke a probation independently of final conviction for the alleged offense. To me there seems no doubt about it. The conditions of probation ought to be definite and made plain to the probationer, and revocation ought not to be capriciously had if these conditions are observed. If the conditions are found not to have been comprehensive enough, they may be changed and added to for the regulation of future conduct. But at last the ground of probation declared by the statute is that the court be satisfied "that the ends of justice and the best interests of the public, as well as of the defendant, will be subserved thereby." Probation is wholly discretionary and of grace, and not at all a right. It is in no sense a bargain. If the judge becomes satisfied that the probation is a failure and the best interests of the public and the defendant are not being subserved, and that different treatment is required, he has the right and the duty to terminate the experiment and let the law take its original course. It may be that the probationer cannot be proven beyond a reasonable doubt to have committed a particular crime, and yet his course of conduct along that line may be such as to satisfy the judge that the probation ought to be revoked. Unless the broad discretion to revoke be fully recognized, much greater caution will have to be exercised in extending this grace originally, and the benefits of the act will become greatly restricted. The revocation in this case was not put expressly upon the commission of a crime, but upon the broad ground that the conduct of the probationer had not been good, as required in the conditions of the probation.

4. The refusal to hear evidence as to the sufficiency of the proofs touching the revocation is justified by the reflection that this court is not a reviewing tribunal for the Florida court. The discretion touching the revocation is not vested in the habeas corpus court, but in the trial court. How impractical it would be for this court to review the merits of the conduct of all the persons in the Atlanta penitentiary whose probations may have been revoked! The task is declined.

The applicant will be remanded to the custody of the warden.