Dianna **SCHNEIDER**, Appellant,

v.

Vernon **HOUSEWRIGHT**, Commissioner of Corrections of the State of Arkansas, and The State of Arkansas, Appellee.

No. 81–2055.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1981.

Decided Dec. 28, 1981.

court to the offense of possession of controlled substances with the intent to deliver. The court placed appellant on probation for five years. Thereafter, in February of 1979, revocation proceedings were instituted during which it was charged that during her probationary period, appellant had actively engaged in the selling of marijuana and other drugs and had also possessed a firearm which was a violation of her probation.

At appellant's state court revocation hearing the state introduced evidence seized pursuant to a search warrant. The validity of this warrant was upheld by the state court in a suppression hearing held prior to the probation revocation proceeding. Evidence was then adduced which supported the court's finding of probation violations by the appellant and she was sentenced by the court to five years imprisonment. Appellant's conviction was affirmed by the Arkansas Supreme Court, *Schneider v. State*, 269 Ark. 245, 599 S.W.2d 730 (1980), and the United States Supreme Court denied appellant's petition for writ of certiorari. *Schneider v. Arkansas*, 449 U.S. 1124, 101 S.Ct. 939, 67 L.Ed.2d 109 (1981).

The appellant contends that she was denied a full and fair hearing on her fourth amendment claim when the state trial court erroneously permitted a witness, William Rhodes,[2] to invoke his fifth amendment rights and refuse to testify at appellant's suppression hearing. We need not decide whether the state court's failure to grant immunity[3] from prosecution to this witness denied the appellant a full and fair suppression hearing. Likewise, we need not pass on the applicability of the exclusionary rule to state probation revocation proceedings in order to decide this case, even though this

Robert S. Blatt (argued), Fort Smith, Ark., for appellant.

Steve Clark, Atty. Gen., by Leslie M. Powell (argued), Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before HEANEY and McMILLIAN, Circuit Judges, and REGAN,* Senior District Judge.

REGAN, Senior District Judge.

Dianna Schneider appeals from an order of the district court[1] denying her petition for writ of habeas corpus under 28 U.S.C. § 2254. Appellant argues here, as she did in the court below, that she was denied a full and fair suppression hearing; that the exclusionary rule should apply to probation revocation proceedings; and that the evidence was insufficient to support the decision to revoke her probation. For the reasons discussed below, we affirm.

The appellant pleaded nolo contendere on January 25, 1977, in the Arkansas state

---

* John K. Regan, Senior District Judge, Eastern District of Missouri, sitting by designation.

1. The Honorable Paul X. Williams, Chief Judge for the United States District Court for the Western District of Arkansas.

2. Rhodes signed a typed statement which implicated himself and the appellant in recent drug transactions. Rhodes was then placed under oath by the prosecuting attorney, at which time he swore that the typed and signed

statement was true. This statement along with other information was attached to the affidavit that supported the issuance of a search warrant for appellant's house. Rhodes later denied the truthfulness of the statement in interviews with the prosecutor and appellant's attorney prior to the revocation hearing.

3. Whether the Arkansas state court could in fact grant such immunity is unsettled.

issue appears settled in this circuit.[4] We affirm the district court's denial of the petition for writ of habeas corpus because substantial evidence exists in the record to support the revocation of appellant's probation without considering any of the search related evidence which the appellant asserts should have been suppressed.

The state presented evidence at appellant's revocation hearing through witness Phillip Bruce which, if credited, showed that appellant had "fronted" marijuana to this witness on at least three occasions; that on these occasions the appellant personally handed him the marijuana; that Bruce would then sell the marijuana and return the proceeds of these sales to the appellant; that these transactions were made at an address where the appellant was then living; and that these transactions occurred between December of 1978 and February of 1979, during which period appellant was on probation. Bruce further testified that he had seen both a .22 caliber pistol and a shotgun in the appellant's house and that the appellant had told him she had learned how to shoot these guns.[5]

The state also called Clyde Mansell as a witness. Mansell's testimony, if credited, showed that he formerly lived at the same apartment complex as the appellant; that on August 29, 1978, he had purchased two pounds of marijuana from the appellant for which he paid her $280. Mansell also testified that on one occasion the appellant pulled a .22 caliber rifle on him and demanded that he pay her for some marijuana that she had fronted him.

The state also introduced a transcript of a telephone call from Phillip Bruce to the appellant at her house in Fort Smith, Arkansas.[6] In this recorded conversation the appellant told Bruce that she had some marijuana and that Bruce should come by her house and pick it up.[7] This conversation, if credited, not only demonstrated the appellant's possession of marijuana and her willingness to distribute it to Bruce, but it also corroborated the testimony of Bruce and Mansell concerning the appellant's custom of "fronting" them marijuana.

The appellant did not testify at her state revocation hearing and presented no evidence in her defense. It was upon this record the state trial court determined that the state had fully discharged its burden of showing that the appellant had violated the terms of her probation.

 In order to justify a revocation order, enough evidence is required to satisfy the court, within its sound judicial discretion, that the probationer's conduct has not met the conditions of probation. *United States v. Strada*, 503 F.2d 1081 (8th Cir. 1974). The state has the burden of persuasion, but this burden does not rise to a level of 'beyond a reasonable doubt.' All that is required is that the court be "satisfied that appellant had abused the opportunity granted him not to be incarcerated." *United States v. Nagelberg*, 413 F.2d 708, 709 (2nd Cir. 1969).

 Applying the above standard, the district court in reviewing the evidence admitted during appellant's state probation revocation hearing, found that there was

---

4. Exclusionary rule held not to apply in federal probation revocation proceeding. *United States v. Frederickson*, 581 F.2d 711 (8th Cir. 1978); exclusionary rule held not to apply in Arkansas state probation revocation proceeding, *Queen v. State*, 271 Ark. 929, 612 S.W.2d 95 (1981), cert. denied, *Queen v. Arkansas*, ─── U.S. ───, 102 S.Ct. 502, 70 L.Ed.2d 378 (1981).

5. Bruce testified on cross-examination that these guns belonged to Danny Getz, appellant's roommate. The state need not establish the appellant's ownership of a firearm however. The terms of appellant's probation prohibited her *possession* of a firearm.

6. This telephone call was made after Bruce's arrest on drug charges. The state trial court ruled that this call was taped with Bruce's consent by the Fort Smith Police Department.

7. Appellant testified at her habeas corpus hearing that she had no intention of selling Rhodes any marijuana when she talked to him on the phone, she merely invited Rhodes to come to her house because she wanted to talk with him. Appellant did not testify at the state revocation hearing however, so the state court did not have the benefit of hearing this evidence.

more than a preponderance of evidence to convince a rational trier of fact that appellant possessed illegal drugs and a firearm during the term of her probation. Such conduct being in violation of the law, the state had sustained its burden of proving the appellant had violated the terms of her probation.

Our review of the record mandates the same finding. The district court's order denying habeas corpus relief is therefore affirmed.