563 A.2d 414
**Edward WINK, Jr.**
v.
**STATE of Maryland.**
No. 112, Sept. Term, 1988.
Court of Appeals of Maryland.
Sept. 13, 1989.

Nancy S. Forster, Asst. Public Defender (Alan H. Murrell, Public Defender, both on brief), Baltimore, for petitioner.

Cathleen C. Brockmeyer, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

RODOWSKY, Judge.

The instant appeal is in a probation revocation case. In the trial court that kind of case "typically involves two distinct components: (1) a retrospective factual question whether the probationer has violated a condition of probation; and (2) a discretionary determination by the sentencing authority whether violation of a condition warrants revocation of probation." *Black v. Romano*, 471 U.S. 606, 611, 105 S.Ct. 2254, 2257, 85 L.Ed.2d 636, 642 (1985). On the first issue the State has both the burden to come forward with evidence and the burden of persuasion. *McDonald v. State*, 314 Md. 271, 280, 550 A.2d 696, 700 (1988). Ever since *Scott v. State*, 238 Md. 265, 208 A.2d 575 (1965), this Court has usually spoken of reasonable satisfaction as the measure of persuasion which satisfies the burden of persuasion on the first issue. Petitioner, Edward Wink, Jr. (Wink), contends that reasonable satisfaction means clear and convincing evidence. The Court of Special Appeals, in rejecting Wink's argument, found to be persuasive cases from other jurisdictions which "have defined 'reasonable certainty' or 'reasonably satisfied' as requiring less evidence than a preponderance." *Wink v. State*, 76 Md.App. 677, 681, 547 A.2d 1122, 1124 (1988). We shall hold that the reasonable satisfaction standard is the preponderance of the evidence standard.

The facts were succinctly stated by the Court of Special Appeals.

"[Wink] was charged with violating Rule 8 of his probation, which required that he not 'illegally possess, use or sell any narcotic drug, controlled dangerous substance, or

related paraphernalia.' At the revocation hearing, the State presented evidence that, upon execution of a search warrant at [Wink's] home, the following items were seized: from a kitchen cabinet, two bottles of parsley flakes; from the kitchen trash can, an empty parsley flake bottle, a vanilla extract bottle, and a sandwich bag with parsley flake residue; from the refrigerator, a glass jar containing several foil-wrapped packets of parsley, and two plastic film cannisters filled with parsley flakes; from the master bedroom, a set of scales, several cut squares of aluminum foil, and a C & P Telephone bill addressed to [Wink]. The State also presented expert testimony that parsley flakes are commonly used as a vehicle for, or diluent of, liquid PCP, and that individual quantities of PCP are commonly distributed as foil-wrapped packets of PCP-laced parsley.

"The court concluded that [Wink] had violated his probation by possessing drug paraphernalia, revoked [Wink's] probation, and reimposed two years of the original sentence, with credit for eighteen months already served."

*Id.* at 678–79, 547 A.2d at 1123.

At the conclusion of the State's case in chief Wink moved "to dismiss" the petition for want of legally sufficient evidence. The argument emphasized lack of proof directly placing the paraphernalia in Wink's possession. In the course of that argument the following colloquy occurred:

"[DEFENSE COUNSEL]: They have to prove every element to a reasonable certainty. That is the test[—]by a reasonable certainty.

"THE COURT: By a preponderance of the evidence.

"[DEFENSE COUNSEL]: No, sir, reasonable certainty. That is the case law dealing with violation of probations, which is a higher standard than preponderance of the evidence and some people think it is [a] higher standard than clear and convincing."

The circuit court denied the motion. Wink did not produce any evidence, and the circuit court found facts constituting

a violation and exercised its discretion to revoke. We shall assume that in making its fact-findings the circuit court applied the preponderance of the evidence standard in accordance with its announced understanding of the law as indicated above.

Before the Court of Special Appeals Wink again argued that reasonable satisfaction is a more onerous standard than preponderance. The Court of Special Appeals disagreed, and affirmed. Relying on decisions from other courts, to be discussed below, it concluded that a standard of reasonable satisfaction required less evidence than a preponderance. In any event, it also concluded that reasonable satisfaction is no more stringent a standard than preponderance, based on decisions of this Court.

We granted Wink's petition for certiorari which raises the following question:

"Did the Court of Special Appeals err in holding that the preponderance of evidence standard applied by the trial judge met the reasonably satisfied standard required in violation of probation proceedings?"

After the Court of Special Appeals' decision in *Wink*, this Court decided *McDonald v. State*, 314 Md. 271, 550 A.2d 696 (1988). McDonald's probation had been revoked, based on a urinalysis, for violation of the condition requiring abstinence from drugs. At issue was the sufficiency of the State's evidence to demonstrate that the sample relied upon was from McDonald. Judge Adkins for the Court said that "[i]n a case like this one, in which one violation charged is the use of drugs, the State has the burden of proving, by a preponderance, that the probationer used drugs." *McDonald*, 314 Md. at 280, 550 A.2d at 700.

Further, utilizing the civil standard of persuasion, *i.e.*, preponderance, follows logically from this Court's characterization of probation revocation cases as civil proceedings. *See Hersch and Cleary v. State*, 317 Md. 200, 562 A.2d 1254 (1989); *Chase v. State*, 309 Md. 224, 238, 522 A.2d 1348,

1355 (1987); *Howlett v. State,* 295 Md. 419, 424, 456 A.2d 375, 378 (1983).

Nevertheless, our cases have regularly employed the reasonable satisfaction standard in describing the degree to which the State must persuade the court in a probation revocation proceeding. Tracing the origin and use of reasonable satisfaction in our cases demonstrates that that expression does not connote a different standard from preponderance of the evidence on a fact-finding issue, *e.g.,* whether Wink possessed the paraphernalia seized in his home.

The historical trail begins with Pub.L. No. 66–596, the Act of March 4, 1925, Ch. 521, 43 Stat. 1259 *et seq.* (as amended by the Act of June 16, 1933, Ch. 97, 48 Stat. 256, in a manner immaterial to the instant case) which was codified as 18 U.S.C. §§ 724–26 (1940). Section 724 provided that "when it shall appear to the satisfaction of the court that the ends of justice and the best interest of the public, as well as [of] the defendant, will be served thereby, [the court] shall have power ... to suspend the imposition or execution of sentence and to place the defendant upon probation...." Section 725 dealt with revocation but did not express any standard, limitation, or condition on revocation, other than that the arrested probationer was to be brought before the court. *See Escoe v. Zerbst,* 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566 (1935).

In 1929 the United States District Court for the Northern District of Georgia decided a habeas corpus case brought by a prisoner at the Atlanta penitentiary whose probation had been revoked by a federal court in Florida. *Campbell v. Aderhold,* 36 F.2d 366 (D.C.N.D.Ga.1929). The prisoner contended, *inter alia,* that there had been insufficient evidence to support revocation. Part of the rationale was as follows:

"[T]he ground of probation declared by the statute is that the court be satisfied 'that the ends of justice and the best interests of the public, as well as of the defendant, will be subserved thereby.' Probation is wholly discre-

tionary and of grace, and not at all a right. It is in no sense a bargain. If the judge becomes satisfied that the probation is a failure and the best interests of the public and the defendant are not being subserved, and that different treatment is required, he has the right and the duty to terminate the experiment and let the law take its original course. It may be that the probationer cannot be proven beyond a reasonable doubt to have committed a particular crime, and yet his course of conduct along that line may be such as to satisfy the judge that the probation ought to be revoked. Unless the broad discretion to revoke be fully recognized, much greater caution will have to be exercised in extending this grace originally, and the benefits of the act will become greatly restricted. The revocation in this case was not put expressly upon the commission of a crime, but upon the broad ground that the conduct of the probationer had not been good, as required in the conditions of the probation."

*Id.* at 367. Noteworthy is that *Campbell* draws into § 736 as a standard for revocation satisfaction of the court as described in § 735 for the imposition of probation.

A portion of the above-quoted excerpt from *Campbell* was quoted in *United States v. Hanson,* 49 F.Supp. 355 (D.C.E.D.Ark.1943).

The next stop on the trail is *Manning v. United States,* 161 F.2d 827 (5th Cir.), *cert. denied,* 332 U.S. 792, 68 S.Ct. 102, 92 L.Ed. 374 (1947). Manning seems to have been a "snake oil" seller. While on probation after having been convicted of violating the Federal Food, Drug and Cosmetic Act, Manning resumed advertising, diagnosing ailments and preparing and selling medicines represented as cures. Based on proof of this conduct, Manning's probation was revoked despite his argument that the conduct had not been the basis of any criminal conviction. In rejecting the latter point the Fifth Circuit said:

"It may be, as appellant contends[,] that the evidence on the probation revocation hearing would not be sufficient to support a conviction under federal laws for using

the mails to defraud or under Alabama law for practicing medicine without a license. But proof sufficient to support a criminal conviction is not required to support a judge's discretionary order revoking probation. A judge in such proceeding need not have evidence that would establish beyond a reasonable doubt guilt of criminal offenses. *All that is required is that the evidence and facts be such as to reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation.* Campbell v. Aderhold, D.C., 36 F.2d 366; United States v. Hanson, D.C., 49 F.Supp. 355."

161 F.2d at 829 (emphasis added).

The last three sentences of the above-quoted excerpt from *Manning* were quoted by this Court in *Scott v. State,* 238 Md. at 272, 208 A.2d at 579, in support of rejecting Scott's contention that his probation could not be revoked utilizing hearsay evidence of an assault by him when that hearsay had been excluded from a criminal prosecution at which Scott was acquitted of the same assault. Later in the *Scott* opinion, in explaining why Scott had no just cause for complaint that the circuit court had exercised its discretion to revoke his probation, we said that probation

"offers the young or unhardened offender an opportunity to rehabilitate himself without confinement ... and there may be attached to the opportunity the condition that it may be ended, if the court is reasonably persuaded, by knowledge of facts, even if obtained more informally than the rules of evidence would permit it to be obtained in a trial, that it should be."

*Id.* at 175, 208 A.2d at 580.

Succeeding Maryland cases have spoken in terms of the satisfaction, or reasonable satisfaction, of the trial court in probation revocation cases in analyzing the sufficiency of the factual information before the court to support a fact-finding that a condition of the probation had been violated, *see, e.g., Smith v. State,* 306 Md. 1, 506 A.2d 1165 (1986); *Coles v. State,* 290 Md. 296, 429 A.2d 1029 (1981); and in

analyzing whether the trial court had abused its discretion in deciding to revoke, *see, e.g., Smith v. State,* 11 Md.App. 317, 273 A.2d 626 (1971); *Wilson v. State,* 6 Md.App. 397, 251 A.2d 379 (1969); *Sweeney v. State,* 1 Md.App. 233, 229 A.2d 141 (1967).

Use of reasonable satisfaction to describe the degree to which the trial court need be persuaded on both issues in probation revocation cases tends to blur precise analysis and has created the opportunity to argue that reasonable satisfaction is a more onerous burden than preponderance of the evidence on the fact-finding issue. On this issue the State must demonstrate the basic facts of the defendant's conduct and the ultimate fact that that conduct is violative of one or more conditions of probation. Where there is an issue of the legal sufficiency of the State's presentation to support a finding of violation, the law tests for sufficiency by determining whether a reasonable person, presented with the same data, could find the existence of the facts sought to be established to the legally requisite degree of persuasiveness. Here, as in civil cases generally, that degree is only that the fact finder conclude that the existence of the fact sought to be proved is more likely than unlikely. Conversely, a judge who is satisfied that the existence of a fact is more likely than not, when reasonable persons would conclude that the fact's existence is less likely than its nonexistence, has not been reasonably satisfied.[1]

■ At the second stage, that of whether the court's discretion should be exercised to revoke probation, appellate review is for an abuse of discretion. Trial judges do not revoke probation unless satisfied that probation should be

---

1. Seemingly there will rarely be a case in which a reversal on appeal would be based solely on insufficiency of the evidence as a factual matter. More typically, basic facts will be presented from which the State urges that certain inferences were properly drawn, while the defendant contends that the inferences could not be so drawn. If the appellate court agrees with the defendant, the clearly erroneous rule would offer a satisfactory explanation of the reversal.

revoked. Appellate review to determine whether there was reasonable satisfaction would simply analyze whether discretion was abused for want of any reasonable basis for the revocation.

Were the trial court satisfied to exercise its discretion to revoke, in a case where there is not legally sufficient evidence of a violation, appellate review of the reasonableness of the trial court's satisfaction should reveal the clearly erroneous or legally insufficient nature of the fact-finding of a violation. Thus, our reiteration of the reasonable satisfaction standard does not demonstrate that fact-findings in probation revocation cases are made by some standard other than that of preponderance of the evidence.

The cases cited by the Court of Special Appeals for the proposition that reasonable satisfaction requires less evidence than a preponderance do not, to our reading, illustrate that reasonable satisfaction is a different and less onerous standard. *Armstrong v. State*, 294 Ala. 100, 104, 312 So.2d 620, 623 (1975) states that "on revocation hearings, the standard of proof is not reasonable doubt or preponderance of the evidence but reasonable satisfaction from the evidence." (Italics omitted). *Armstrong* does not illustrate the difference between the two. In that case the violation was established through two co-defendants who testified that Armstrong had participated with them in the planning of an armed robbery and kidnapping which the witnesses had carried out. *State v. Brinson*, 248 Ga. 380, 283 S.E.2d 463 (1981) acknowledges Georgia's adherence to a "slight evidence" rule in probation revocation proceedings. The court nevertheless pointed out that Brinson's probation was revoked, not because he had been accused of theft and arrested for burglary, but on the basis of pertinent evidence presented at the revocation hearing relating to the conduct underlying those accusations. *State v. Brusenhan*, 78 N.M. 764, 438 P.2d 174 (1968) states the standard to be reasonable certainty but does not illustrate it. There the defendant's contentions related exclusively to alleged procedural errors. *State v. Burkman*, 281 N.W.2d

442 (S.D.1979) lists reasonable satisfaction as one of four burdens of proof known to the law generally. South Dakota law had acquired the reasonable satisfaction language from *Manning* in *State v. Elder*, 77 S.D. 540, 545, 95 N.W.2d 592, 595 (1959). Burkman's probation had been revoked after he had been convicted of possession of cocaine so that *Burkman* is uninformative on how the standards under consideration differ.

Although other courts also state the standard to be reasonable satisfaction, references to that standard are very frequently for the purpose of contrasting probation revocation fact-finding with the beyond a reasonable doubt standard in criminal prosecutions. *See, e.g., Schneider v. Housewright,* 668 F.2d 366 (8th Cir.1981); *United States v. Torrez–Flores,* 624 F.2d 776 (7th Cir.1980); *United States v. Manuszak,* 532 F.2d 311 (3d Cir.1976); and *United States v. D'Amato,* 429 F.2d 1284 (3d Cir.1970). Reasonable satisfaction has also been used by other courts than ours as the standard for exercising discretion whether to revoke or continue probation. *See, e.g., United States v. Strada,* 503 F.2d 1081 (8th Cir.1974).

A decision which firmly distinguishes between reasonable satisfaction and preponderance is *United States v. Smith,* 571 F.2d 370 (7th Cir.1978) (per curiam). That court rejected a contention that the preponderance of the evidence standard be applied and adhered to its reasonable satisfaction language, saying, "[a] stricter standard could often result in poor risk convicted felons remaining at large and thus be against the public interest." *Id.* at 372. But the court never explained or illustrated what the difference between the two standards would be.

We have great difficulty in conceptualizing how a reasonable satisfaction standard can meaningfully operate below the level of a preponderance of the evidence while the State would still bear the burden to produce evidence and the burden of persuasion. We hold that for purposes of fact-finding in probation revocation cases references in our decisions to the reasonable satisfaction of the trial court

mean that the trial judge must find the essential facts comprising a violation of condition by a preponderance of the evidence.[2] Consequently, we do not agree with one of the grounds on which the Court of Special Appeals rested its affirmance. We cannot say that, in applying a preponderance standard, the trial court applied a more stringent standard than that to which Wink was entitled. Rather, we hold that the trial court committed no error because it applied the standard to which Wink was entitled.

Wink's submission is that the reasonable satisfaction standard in our cases mean a more stringent standard than preponderance of the evidence—something on the order of clear and convincing evidence. In support Wink cites *Addington v. Texas*, 441 U.S. 418, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979), holding that the clear and convincing standard is constitutionally required in involuntary civil commitment cases and *In re Deiner & Broccolino*, 268 Md. 659, 304 A.2d 587 (1973), *cert. denied*, 415 U.S. 989, 94 S.Ct. 1586, 39 L.Ed.2d 885 (1974), adopting the clear and convincing standard for judicial disability proceedings because of the severity of the impact of adverse findings on sitting judges. These cases are not analogous to probation revocation proceedings. Confinement of a probation violator is based upon commission of the criminal offense which the State was required to prove beyond a reasonable doubt. Probation rather than incarceration at the time of conviction is a matter of grace which may be withdrawn when the violator is shown, to the "satisfaction" of the court, as explained above, not to have honored the conditions made known at the time probation was granted.

---

**2.** We have used "evidence" throughout this opinion because the term is employed universally in the shorthand expression of the more likely than not degree of persuasion standard. Employment of the term, "evidence," is not intended to imply in any way that the strict rules of evidence apply in probation revocation proceedings. Indeed, one benefit of utilizing "reasonable satisfaction" instead of "the preponderance of the evidence" in probation revocation cases is that the former avoids any implication that the State can only present factual material which satisfies the strict rules of evidence.

**342**

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS TO BE PAID BY THE PETITIONER.