590 A.2d 173

Gary **DOPKOWSKI**

v.

**STATE of Maryland.**

**No. 931, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

May 29, 1991.

Michael R. Malloy, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Gwynn X. Kinsey, Jr., Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., and Stuart O. Simms, State's Atty. for Baltimore City, on the brief), Baltimore, for appellee.

Submitted before MOYLAN, BLOOM and ROSALYN B. BELL, JJ.

ROSALYN B. BELL, Judge.

Gary Dopkowski pled guilty to possession of a controlled dangerous substance (marijuana) with intent to distribute in May of 1988. The trial court imposed a five-year suspended sentence and placed him on probation for three years. In June of 1989, Dopkowski committed a larceny and in August of 1989 he was in possession of a controlled dangerous substance. He was convicted of the possession charge on September 7, 1989. He was also convicted of the larceny charge on February 16, 1990. On July 16, 1990, a violation of probation hearing was held in the Circuit Court for Baltimore City. The court terminated Dopkowski's probation and reinstated the five-year prison sentence. On appeal, Dopkowski raises the following issues:

— Was his waiver of counsel valid?
— Did the trial court err by terminating his probation and imposing a five-year prison sentence?

## WAIVER

At the commencement of the probation revocation hearing, Dopkowski appeared without counsel. The following exchange ensued:

"THE COURT: Do you wish to be represented by an attorney?

"THE DEFENDANT: No, sir.

"THE COURT: Mr. Dopkowski, I must advise you on the record here today as to the benefits of having a lawyer so that the record clearly reflects that you have waived your rights to an attorney. I advise you, sir, that an attorney may be of benefit to you in preparing your case for trial. The lawyer may be able to bring certain

things to the Court's attention on the issue of the merits of the case that would be of benefit to you.

"Do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: I also advise you that even if you should be found guilty of the violation of probation, a lawyer may be able to assist you in the sentencing phase of your case.

"Do you understand that?

"THE DEFENDANT: Yes, sir, I do.

"THE COURT: Do you also understand that if you could not afford the services of an attorney, an attorney would be appointed for you, perhaps without charge?

"THE DEFENDANT: Yes, sir, I do.

"THE COURT: How old are you, Mr. Dopkowski?

"THE DEFENDANT: I'm thirty-six years old, sir.

"THE COURT: How far did you go in school?

"THE DEFENDANT: I completed high school and have a few credits in college.

"THE COURT: Can you read and write the English language?

"THE DEFENDANT: Yes, sir.

"THE COURT: Has anything been said to you during the course of these proceedings to this point that you do not understand?

"THE DEFENDANT: No, sir.

"THE COURT: Are you today under the influence of any drugs, medication, alcohol or narcotic that would prohibit or influence your ability to understand what is occurring at this time?

"THE DEFENDANT: No, sir.

"THE COURT: Is your mind clear here today, Mr. Dopkowski?

"THE DEFENDANT: Yes, sir.

"THE COURT: Do you understand the benefits of having a lawyer represent you at this phase of the proceeding?

"THE DEFENDANT: Yes, sir, I do.

"THE COURT: Do you still wish to proceed at this time without an attorney?

"THE DEFENDANT: Yes, sir.

"THE COURT: Let the record reflect that the Court finds that the defendant, Mr. Gary Dopkowski, has knowingly and voluntarily waived his rights to an attorney for purposes of these proceedings. We will proceed without attorney for Mr. Dopkowski."

Rule 4–215 governs the waiver of counsel in criminal cases. Dopkowski complains that the court did not comply with Rule 4–215(a)(1), which requires the court to "[m]ake certain that the defendant [had] received a copy of the charging document containing notice as to the right to counsel." Dopkowski also complains that the court did not comply with Rule 4–215(a)(3), which requires the court to "[a]dvise the defendant of the nature of the charges in the charging document, and the allowable penalties. . . ."

■ Rule 4–347 governs proceedings for revocation of probation. Rule 4–347(a) provides that a revocation of probation proceeding may be initiated by the State's Attorney or the Division of Parole and Probation by filing a petition for revocation or by an order of the court issuing a summons or warrant for revocation. Additionally, Rule 4–347(d) provides that "[t]he provisions of Rule 4–215 apply to proceedings for revocation of probation." *See also State v. Bryan*, 284 Md. 152, 154–55, 284 Md. 152 (1978) (examining one of the Rule's immediate predecessors). Thus, whether the waiver of counsel in this case was valid requires us to examine the interplay of rule 4–215 and Rule 4–347. Specifically, we must determine whether a petition for revocation, court order and violation warrant under Rule 4–347 constitute charging documents. If these documents do constitute charging documents, then the requirements of Rule 4–215(a)(1) and (a)(3) must be followed in

order to render the waiver of counsel valid.[1]

A charging document is "a written accusation alleging that a defendant has committed an offense. It includes a citation, an indictment, an information, and a statement of charges." Rule 4–102(a). An "offense" means "a violation of the criminal laws of this State or political subdivision thereof." Rule 4–102(g). Although the reason to seek a petition for revocation may be the commission of a criminal offense, it need not be. A petition for revocation, court order and violation warrant do not necessarily allege an offense. These documents merely state the reason the revocation is sought. Hence, they are not charging documents as defined in the Rules.

As the Court of Appeals noted in *Howlett v. State*, 295 Md. 419, 424, 456 A.2d 375 (1983), probation revocation is not a "new criminal prosecution; the commission of a crime is not charged and the alleged violation of probation, if established, is not punishable beyond the reimposition of the original sentence imposed." Thus, that portion of Rule 4–215 which applies to charging documents simply does not apply to probation revocation proceedings.

██ Moreover, Dopkowski does not claim that he did not receive a copy of the petition for revocation, court order, or warrant, as required by Rule 4–347(a) and (b). While both Rule 4–202(a), designating the content of a charging document, and Rule 4–215(a)(1), governing waiver of counsel, indicate that a "charging document" *must* contain notice of the right to counsel, the requirements for revocation documents under Rule 4–347 make no reference to notice of the right to counsel. Rule 4–347 does not provide for a charging document as envisioned in Rule 4–215.

---

1. Rule 4–215(a)(2) provides:
   "Inform the defendant of the right to counsel and of the importance of assistance of counsel."
   Dopkowski tacitly admits this portion of Rule 4–215 was followed as he does not argue to the contrary.

In addition, it would be incongruous to read Rule 4–347(a) and (b) to provide a "charging document" merely on the basis of Rule 4–215(a)(1) and (3). Dopkowski cites no case law to support the proposition that the revocation documents are "charging documents." Moreover, such a conclusion would be counterintuitive given the fact that charging documents, as such, are squarely within criminal proceedings and a probation revocation proceeding is "firmly established as a civil action...." *Chase v. State*, 309 Md. 224, 239, 522 A.2d 1348 (1987).

Dopkowski argues that *Argabright v. State*, 75 Md.App. 442, 457, 541 A.2d 1017 (1988), made clear that the requirements of Rule 4–215(a)(1)–(4) are mandatory. Neither *Argabright* nor *Parren v. State*, 309 Md. 260, 523 A.2d 597 (1987), nor *Evans v. State*, 84 Md.App. 573, 581 A.2d 435 (1990), concluded that revocation of probation documents were charging documents. We find the waiver of counsel valid.

## SENTENCE

■ Dopkowski also contends that the court erred in reimposing his five-year sentence. Certainly, when a defendant has received a suspended sentence subject to probation, his continued freedom during the probationary period is not a matter of entitlement, but is rather

> "a matter of grace which is in effect a bargain made by the people with the malefactor that he may be free as long as he conducts himself in a manner consonant with established communal standards and the safety of society."

*Smith v. State*, 306 Md. 1, 6, 506 A.2d 1165 (1986).

■ Revocation of probation involves a two-step procedure. *Wink v. State*, 317 Md. 330, 332, 563 A.2d 414 (1989). First, the court must determine whether, as a factual matter, the State has established by a preponderance of the evidence that the probationer has failed to comply with one or more of the conditions of his or her probation. *Wink,*

317 Md. at 332, 563 A.2d 414. On appeal, the trial court's finding will not be reversed unless it is clearly erroneous. *Wink,* 317 Md. at 332, 338 n. 1, 339, 563 A.2d 414.

An important part of the first step requires the court to determine whether the noncompliance was willful and did not result " 'from factors beyond [the probationer's] control and through no fault of his [or her] own.' " *Turner v. State,* 307 Md. 618, 626, 516 A.2d 579 (1986) (citation omitted). The burden is on the defendant to show that his or her failure to comply with the probation conditions was not willful. *Turner,* 307 Md. at 626, 516 A.2d 579. Again, this is a factual matter, and the trial court's finding in this regard will not be reversed unless it is clearly erroneous. *Wink,* 317 Md. at 338 n. 1, 339, 563 A.2d 414.

The second step in a revocation of probation proceeding requires the court to determine whether the violation warrants revocation and reimposition of sentence. *Wink,* 317 Md. at 332, 563 A.2d 414. In this step, the trial court must consider, not only the prospects for the probationer's rehabilitation, but also the protection of the public. This determination will be reversed on appeal only if it amounted to an abuse of discretion. *Wink,* 317 Md. at 338 n. 1, 339, 563 A.2d 414.

Relative to this second step, we pointed out in *Herold v. State,* 52 Md.App. 295, 302, 449 A.2d 429 (1982), that the "question is whether probation should be revoked or whether other actions are more appropriate to protect society and improve the probationer's chances of rehabilitation." *See Morrissey v. Brewer,* 408 U.S. 471, 479–80, 92 S.Ct. 2593, 2599–2600, 33 L.Ed.2d 484 (1972).

■ Dopkowski admitted that he had committed and had been convicted of shoplifting and possession of $10 worth of cocaine while he was on probation. He indicated that the shoplifting and cocaine possession offenses were caused by his addiction. After he had committed these offenses, he entered a drug treatment program with the assistance of his employer. During this period, he lived in a recovery

house for four months. Dopkowski was 36 years old, had completed high school and had a few college credits. He also had been steadily employed for 11 years.

In response to Dopkowski's request for leniency, the hearing judge gave only one stated reason beyond the violation of probation for reimposing the five-year sentence. The hearing judge said, "I gave you leniency the first time." Because the court made no further factual findings, we do not know if it considered Dopkowski's own efforts to undertake treatment and rehabilitation. In line with *Wink* and *Herold,* we hold that it would be an abuse of discretion to fail to consider that a probationer has undertaken treatment and is controlling the underlying problem which precipitated the violations.

In the instant case, many reasons could be advanced for a response other than incarceration. One reason is the cost to the community of incarcerating someone who has individually undertaken treatment for the underlying problem and who no longer appears to be a threat to the larger community. Additionally, incarceration is not a good environment for rehabilitating a recovering addict.

We will vacate the sentence and remand the case for the court to consider Dopkowski's efforts to rehabilitate himself. The court may take further testimony to verify Dopkowski's representations, if necessary.

JUDGMENT VACATED.

VIOLATION OF PROBATION AFFIRMED.

CASE REMANDED FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION.

COSTS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.