602 A.2d 1185

**STATE of Maryland**

v.

**Gary DOPKOWSKI.**

**No. 97, Sept. Term, 1991.**

Court of Appeals of Maryland.

March 11, 1992.

672

Gwynn X. Kinsey, Jr., Asst. Atty. Gen. and J. Joseph Curran, Jr., Atty. Gen., both on brief, Baltimore, for petitioner.

Michael R. Malloy, Asst. Public Defender Stephen E. Harris, Public Defender, both on brief, Baltimore, for respondent.

Argued before ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI, and ROBERT M. BELL, JJ., and CHARLES E. ORTH, Jr., Judge (retired), Specially Assigned.

CHARLES E. ORTH, Judge, Specially Assigned.

I

On 3 May 1988, Gary Dopkowski, born 10 July 1954, pled guilty in the Circuit Court for Baltimore City to committing the crime of possessing marijuana with the intent to distribute. His plea was accepted by the court. He was found

guilty and sentenced to a five year term of imprisonment. The execution of the sentence was suspended, and he was granted supervised, conditional probation for a period of three years.

Although on probation, Dopkowski was not deterred from continuing his criminal career. There is some confusion about the precise dates on which he was arrested and convicted for felony theft and for possession of a controlled dangerous substance, but it is clear that the two arrests and convictions occurred during the period he was on probation granted him upon his conviction of 3 May 1988. In each case the execution of the sentence imposed was suspended and he was released on probation.[1] These unlawful activities on the part of Dopkowski resulted in his arrest for violating the conditions of the probation granted him upon his conviction on 3 May 1988. On 16 July 1990, he was haled before the judge who had first granted him probation. He waived the assistance of an attorney, and admitted that he violated his probation. After extensive examination, the judge accepted the waiver and the admission as "being tendered by [Dopkowski] at this time freely and voluntarily, knowingly and intelligently." The State put before the court the two arrests and convictions which occurred during the probationary period. The judge asked Dopkowski if he had "any corrections, modifications or objections to the statement of facts presented by the State." Dopkowski responded, "No, sir."

Three of the conditions or "rules" to which Dopkowski was subject upon his release on probation granted on his conviction of 3 May 1988, as set out in the Order For Probation, were No. 4: "Obey all laws;" No. 5: "Notify his

---

1. It appears from a report of the Division of Parole and Probation, dated 6 April 1990, which was before the court at the probation revocation hearing and is included in the record before us, that Dopkowski was also arrested on 2 August 1989 and charged with felony theft. He prayed a jury trial on 28 December 1989. The probation agent stated in the report that no further information as to the outcome of his arrest was available at that time.

Probation Agent at once, if arrested;" and No. 8: "Shall not illegally possess, use, or sell any narcotic drug, 'controlled dangerous substance' or related paraphernalia." The judge declared:

> I find the statement of facts [as] presented by the State without objection from the defense, [sufficient to] convince this court that there is a reasonable and rational basis upon which to conclude by a preponderance of the evidence that the defendant has violated the terms and conditions of his probation, to wit, for being subsequently convicted of the crimes of larceny and possession of controlled dangerous substances while on probation to this court.

The judge was referring to condition No. 4, "Obey all laws." The judge found that Dopkowski "also violated rule five by failing to report these arrests to his [probation] agent" and, further, that he "violated rule number eight by being convicted of possessing controlled dangerous substances while on probation to this court." The judge offered to hear from Dopkowski "[a]bout anything you think I should know before I impose sentence." Dopkowski responded:

> All I can say is I know I had a problem back then. I had a serious drug problem. I know what I did was wrong. I am very sorry for it. Since then I have gone into a drug treatment program. I went through my company to do that. I went into a recovery house and lived for four months. I have been employed steady for eleven years. I'm just asking for leniency.

The judge observed, "I gave you leniency the first time, Mr. Dopkowski." Dopkowski agreed, "Yes, sir, I know that." Upon inquiry by the judge, Dopkowski explained that the controlled dangerous substance he was convicted of possessing was "$10 worth of cocaine" and that the grand larceny charge stemmed from shoplifting. He said there was nothing else that he wished to tell the judge. The judge announced the sentence:

> [T]he original five-year sentence that was suspended in this case is reimposed. That five years is to be served in

the Department of Corrections, running from July the 9th of 1990, which will give the defendant credit for all pretrial incarceration in this case.

Dopkowski said that he understood the sentence.

Indeed, it seems that Dopkowski understood the sentence all too well, and he did not like it. Being incarcerated for his transgressions was apparently a new experience for him, and he obviously expected to be placed on probation for the fourth time in a row. He manifested his unhappiness by appealing.

The Court of Special Appeals found no error with respect to the violation of probation. But it vacated the sentence and remanded the matter to the hearing court "for further proceedings in accordance with this opinion." *Dopkowski v. State*, 87 Md.App. 466, 590 A.2d 173 (1991). The intermediate appellate court observed that, in response to Dopkowski's explanation of his unlawful conduct and request for leniency, the judge below merely said, "I gave you leniency the first time." The Court of Special Appeals complained that "[b]ecause the court made no further factual findings, we do not know if it considered Dopkowski's own efforts to undertake treatment and rehabilitation." *Id.* at 474, 590 A.2d 173. It held:

it would be an abuse of discretion to fail to consider that a probationer has undertaken treatment and is controlling the underlying problem which precipitated the violations.

*Id.* The court pointed out:

In the instant case, many reasons could be advanced for a response other than incarceration. One reason is the cost to the community of incarcerating someone who has individually undertaken treatment for the underlying problem and who no longer appears to be a threat to the larger community. Additionally, incarceration is not a good environment for rehabilitating a recovering addict.

*Id.*

The judgment of the Court of Special Appeals gave the State cause for concern, not only in the frame of reference

of this case, but also as to probationary revocation hearings in the future. It sought our review, and we granted its petition for a writ of certiorari which presented the question:

> Did the Court of Special Appeals err in holding that a trial court must, in conducting the second, "sentencing," phase of probation revocation, explain its reasons for the sentence imposed?

Dopkowski wanted us to examine the effectiveness of his waiver of the assistance of counsel if we granted the State's petition, but we denied his conditional cross-petition directed to that issue.

## II

> Confinement of a probation violator is based upon commission of the criminal offense which the State was required to prove beyond a reasonable doubt. Probation rather than incarceration at the time of conviction is a matter of grace which may be withdrawn when the violator is shown ... not to have honored the conditions made known at the time probation was granted.

*Wink v. State,* 317 Md. 330, 341, 563 A.2d 414 (1989). In the trial court a probation revocation case " 'typically involves two distinct components: (1) a retrospective factual question whether the probationer has violated a condition of probation; and (2) a discretionary determination by the sentencing authority whether violation of a condition warrants revocation of probation.' " *Id.* at 332, 563 A.2d 414, quoting *Black v. Romano,* 471 U.S. 606, 611, 105 S.Ct. 2254, 2257, 85 L.Ed.2d 636 (1985).

■ For the purposes of the first component, the hearing judge "must find the essential facts comprising a violation of a condition by a preponderance of the evidence." *Wink,* 317 Md. at 341, 563 A.2d 414. Appellate review of the first component is governed by the clearly erroneous rule. *See Wink* at 338 n. 1 563 A.2d 414.

■ With respect to the second component, "that of whether the court's discretion should be exercised to revoke probation, appellate review is for an abuse of discretion." *Id.* at 338, 563 A.2d 414.

Trial judges do not revoke probation unless satisfied that probation should be revoked. Appellate review to determine whether there was reasonable satisfaction would simply analyze whether discretion was abused for want of any reasonable basis for the revocation.

*Id.* at 338–339, 563 A.2d 414. "In this connection, it is often stated that the question on appeal 'is simply whether there has been an abuse of discretion....'" *Coles v. State,* 290 Md. 296, 307, 429 A.2d 1029 (1981), quoting *Burns v. United States,* 287 U.S. 216, 222, 53 S.Ct. 154, 156, 77 L.Ed. 266 (1932). Ordinarily,

[a]buse of discretion will be found only if the trial court has erroneously construed the conditions of probation, has made factual findings that are clearly erroneous, or has acted arbitrarily or capriciously in revoking probation.

*Herold v. State,* 52 Md.App. 295, 303, 449 A.2d 429 (1982) (citations omitted).

■ When the trial court has determined that a violation of a condition of probation has occurred, the court may resentence but may not impose a sentence greater than that which was originally imposed and suspended. *Donaldson v. State,* 305 Md. 522, 528, 505 A.2d 527 (1986). *See Turner v. State,* 307 Md. 618, 516 A.2d 579 (1986), *Smith v. State,* 306 Md. 1, 506 A.2d 1165 (1986) and *Humphrey v. State,* 290 Md. 164, 428 A.2d 440 (1981) for discussions of revocation of probation proceedings.

■ The trial court, upon its determination that a probationer has violated one or more conditions of probation, enjoys many options. "These options vary from continuing the probation to reimposing the full remaining term of a suspended sentence." *Maus v. State,* 311 Md. 85, 107, 532 A.2d 1066 (1987). "The court's discretion must guide it as it

chooses among the options, looking at both society's interests and those of the offender." *Id.*

This appeal is not concerned with the first component of the revocation proceeding. Dopkowski made an effective judicial admission that he had violated the conditions of his probation. The appeal calls upon an evaluation of the second component. The Court of Special Appeals vacated the reimposition of the original sentence and sent the case back for the trial judge to reconsider the sentence. It reached this decision by declaring that it would be an abuse of discretion for the sentencing judge "to fail to consider that a probationer has undertaken treatment and is controlling the underlying problem which precipitated the violations." *Dopkowski,* 87 Md.App. at 474, 590 A.2d 173. As we have seen, the intermediate appellate court said it could not ascertain whether the sentencing judge considered Dopkowski's assertion that the underlying problem was under control because the judge made no factual findings on the matter. *Id.* The State viewed the opinion of the Court of Special Appeals as holding that a trial judge, in conducting the second component of a probation revocation case, must explain the reasons for the sentence imposed. The State so phrased the question presented in its petition for certiorari. In our order for the issuance of a writ of certiorari, we accepted the question as presented by the State.

### III

At the outset we note that a sentencing judge in a criminal proceeding is "vested with virtually boundless discretion." *Logan v. State,* 289 Md. 460, 480, 425 A.2d 632 (1981); *see also Reid v. State,* 302 Md. 811, 819, 490 A.2d 1289 (1985) and cases cited therein. The judge is accorded this broad latitude to best accomplish the objectives of sentencing—punishment, deterrence and rehabilitation. *Johnson v. State,* 274 Md. 536, 540, 336 A.2d 113 (1975). A sentence should be premised upon both the facts and circumstances of the crime itself and the background of the individual convicted of committing the crime. *Reid,* 302

Md. at 820, 490 A.2d 1289. The strict rules of evidence do not apply at a sentencing proceeding. *Smith v. State*, 308 Md. 162, 166, 517 A.2d 1081 (1986). *See Williams v. New York*, 337 U.S. 241, 246–247, 69 S.Ct. 1079, 1082–1083, 93 L.Ed. 1337 (1949). *See also Bartholomey v. State*, 267 Md. 175, 193, 297 A.2d 696 (1972). It follows that:

> [a]ppellate review of sentences is extremely limited in Maryland; only three grounds of review are recognized: (1) the sentence may not constitute cruel and unusual punishment or otherwise violate constitutional requirements; (2) the sentencing judge may not be motivated by ill-will, prejudice or other impermissible considerations; and (3) the sentence must be within the statutory limitations [if any there be].

*Teasley v. State*, 298 Md. 364, 370, 470 A.2d 337 (1984). The five year sentence imposed upon Dopkowski's criminal conviction and suspended was lawfully imposed within statutory limits and was accepted as the end result of a good faith exercise of the trial judge's discretion.

■ The Maryland rules reflect that although a probationer is entitled to some of the rights enjoyed by a criminal defendant, he is not entitled to all of them. For example, a probationer has the right to assistance of counsel at his revocation hearing, and the requirements as to waiver are the same as those of a criminal defendant. Rule 4–347(d). He has the right to testify, to present witnesses and to cross-examine witnesses against him. Rule 4–347(e)(2). He is protected by the guarantee of due process of law. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). On the other hand, the right to a trial by jury does not apply to a revocation hearing, nor do the procedures for accepting a plea of guilty govern his admission that the conditions of probation have been violated. Rule 4–347(e)(1). The revocation hearing may be conducted in an informal manner, and, "as justice may require," the technical rules of evidence may be relaxed, "except those relating to privileged communications." Rule 4–347(e)(2). Rule 4–342(e) declares:

Before imposing sentence, the court shall afford the defendant [in a criminal cause] the opportunity, personally and through counsel, to make a statement and to present information in mitigation of punishment.

Rule 4–347(e)(2)(B) tracks this language in affording a probationer the same right of allocution. Rule 4–342(f) reads: "The court ordinarily shall state on the record its reasons for the sentence imposed." This rule encourages the judge to give reasons, but it does not compel the judge to do so. In any event, it applies to non-capital criminal cases, not to proceedings for revocation of probation. *See* Rule 4–342(a). Of particular significance to this appeal is that the rules governing proceedings for revocation of probation contain no such provision. Except by the inference arising from the absence in its rules of a provision regarding an announcement of the reasons for the action taken by a trial court upon finding a violation of probation, this Court has not indicated its views on the matter. Nor has the Legislature spoken on the subject. The Supreme Court of the United States has, however, addressed the question.

Dopkowski was afforded a final revocation hearing. The judge made independent factual findings and conclusions on the record in determining that conditions of probation had been violated. Dopkowski does not dispute that there was sufficient evidence to support the hearing court's finding that he had violated the conditions of his probation. The report prepared by the probation agent and the transcript of the hearing explained the evidence relied upon and supplied the reason underlying the decision to revoke probation. Dopkowski had a full opportunity to present mitigating factors to the sentencing judge and to propose alternatives to incarceration. The judge had a number of options, which, as we have seen, varied from continuing the probation to imposing the full remaining term of the suspended sentence. It is clear that he recognized that his selection of an option was guided by his discretion and that incarceration was not mandatory. It was in the light of such

considerations that the Supreme Court in *Black v. Romano,* 471 U.S. at 616, 105 S.Ct. at 2260, declared:

> The procedures required by the Due Process Clause of the Fourteenth Amendment were afforded in [the] case [before it], even though the state judge did not explain on the record his consideration and rejection of alternatives to incarceration.

The holding of the Court was reinforced by the concurring opinion of Justice Marshall, in which Justice Brennan joined. Justice Marshall said:

> I agree that revocation of probation need not be accompanied by an express demonstration on the record that alternatives to revocation were considered and found wanting before the decision to revoke was made.

*Id.* at 617, 105 S.Ct. at 2260. Justice Marshall noted that because he had argued on several occasions that written explanations for particular decisions are constitutionally required, he wrote separately to explain his view as to why such explanations are not required with respect to revocation of probation proceedings. *Id.*

 Thus, it appears that the trial court is not required to explain its reasons for the sentence imposed at a revocation of probation hearing. Such explanation is not called for by our opinions or our rules of procedure or the statutory law of Maryland or the organic law to which we are subject. It follows that the answer to the question as presented to and accepted by us is that the Court of Special Appeals, in the circumstances, did "err in holding that a trial court must, in conducting the second, 'sentencing,' phase of probation revocation, explain its reasons for the sentence imposed."

## IV

 In his brief, Dopkowski argued that:

The Court of Special Appeals correctly held that the circuit court judge had erred by failing to consider that respondent had undertaken treatment and was controlling

the underlying problem which had caused his violation of probation.

The argument proceeds on an inaccurate factual basis. We do not read the transcript of the proceedings as demonstrating that the trial judge failed to consider that Dopkowski had undertaken treatment and was controlling the underlying problem which had caused his violation of probation. The representation that Dopkowski "had undertaken treatment and was controlling the underlying problem which had caused his violation of probation" was before the court only on Dopkowski's unsworn word made during allocution. The report of the probation agent made no reference to such treatment, and although Dopkowski could have supported his representation in a number of ways, he made no effort to do so. It was on this basis that Dopkowski suggested leniency in the form of probation for the fourth straight time, notwithstanding that he had been convicted of possessing cocaine not many months before. We believe it to be perfectly plain that the trial judge considered Dopkowski's representation for what it was worth, and, in the exercise of his discretion, refused to grant probation again. Although not explicitly expressed, and it need not be, we find it apparent that the judge concluded that, under the circumstances, incarceration would best serve the interests both of Dopkowski and society, in that Dopkowski would be jolted by confinement into seeing the light although he had closed his eyes to it when permitted on three previous occasions to roam the streets despite his misdeeds. We do not agree with Dopkowski's assessment of the trial judge's action as "arbitrary and capricious." We see no abuse of discretion in the decision of the trial judge to reimpose the five year sentence without further suspension of its execution.[2]

---

**2.** Dopkowski points to Maryland Code (1973, 1989 Repl.Vol., 1991 Cum.Supp.) § 12–302(g) of the Courts and Judicial Proceedings Article, being Acts 1991, ch. 240, effective 1 July 1991, which proscribes an appeal from an order of a circuit court revoking probation and prescribes that "[r]eview of an order of a circuit court revoking

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMING THE VIOLATION OF PROBATION AFFIRMED;

JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATING THE SENTENCE REVERSED AND THE CASE REMANDED TO THAT COURT WITH DIRECTION TO AFFIRM THE JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY;

COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY GARY DOPKOWSKI.

---

probation shall be sought by application for leave to appeal." He declares:

> This Court would invite mischief if it were to uphold the circuit court's arbitrary dismissal of [Dopkowski's] statement that he had obtained treatment for his drug problem.

He does not explain what mischief we are inviting, and we do not see any.